## Spadaro, Appellant, *v.* Zoning Board of Adjustment.

Argued November 14, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

Pershing N. Calabro, with him Joseph Alessandroni, for appellant.

Leonard L. Ettinger, Deputy City Solicitor, with him Matthew W. Bullock, Jr., Assistant City Solicitor, James L. Stern, Deputy City Solicitor, and David Berger, City Solicitor, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 5, 1959:

This is an appeal from the action of the court below in affirming the refusal of the Philadelphia Zoning Board of Adjustment to grant a variance for the use of appellant's premises as a three family multiple dwelling.

Appellant filed an application for a permit to use the premises 819 N. 64th Street, located in a "C" Residential District, as a three family multiple dwelling and for the erection of a one story rear addition. The addition was a stone replacement of a legally existing wooden structure. However, the contemplated construction would have extended the present structure approximately one foot deeper into the rear yard. The conversion to the three family unit was refused because the side yard was only ten feet, six inches in minimum width and an open court was only eight feet in minimum width, whereas the ordinance requires the minimum width of both a side yard and an open court to be at least fourteen feet for such a use.[1] The one story rear addition was refused because, as part of a three family multiple dwelling application, the open court minimum width must be at least fourteen feet.[2]

----

[1] Code of General Ordinances of the City of Philadelphia §14-205(2)(e)(.4), §14-205(2)(f).

[2] Code of General Ordinances of the City of Philadelphia §14-205(2)(f).

The Zoning Board of Adjustment refused to issue either the zoning variance for the proposed construction or the use variance for the three family dwelling requested by appellant. On appeal, the court below remanded the case to the Board for a re-hearing.

In the interim, the appellant filed an application for the use of the premises as a two family dwelling and for the construction of the rear addition, requested in the first application, as part of a two family dwelling. Since the open court and side yard of the property complied with the requirements of the ordinance for such a use, a use permit was issued for the two family unit and a zoning permit was issued for a rear addition.[3] The property, which is the subject of this appeal, is thus presently being used as a two family dwelling and the rear addition has already been legally built as part of the two family dwelling.

On a re-hearing of the first application, the Board again refused to issue the use variance for a three family dwelling for the reasons outlined in the initial denial, namely, because the property was deficient in side yard and open court requirements. The court below, without taking any additional testimony, affirmed the Board's refusal, and the present appeal was taken. The only issue raised in this appeal is whether or not the Board abused its discretion in refusing to grant the variance for the use of the premises as a three family unit.

The Board found that the 800 block of North 64th Street contains twenty-nine semi-detached dwellings and that only four of them have permits for multi-family occupancy, the last of which was granted in 1949. It also found that the property was purchased by the appellant in 1957, solely as a commercial ven-

---

[3] Code of General Ordinances of the City of Philadelphia §14-205(2)(e)(.2), §14-205(2)(f).

ture, and that the area was then, and is now, zoned "C" Residential. The appellant testified that the property cannot be maintained with only two tenants, but that no attempt has been made to obtain a tenant who would occupy two floors. The Board concluded as a matter of law that the appellant had failed to establish any unnecessary hardship that would warrant the issuance of a variance, and, that, in addition, the granting of a variance under the circumstances presented would be adverse to the public interest.

The appellant contends basically that since there are at least four other multiple dwellings in the block, a literal enforcement of the provisions of the ordinance would be an unnecessary hardship.

On an appeal from the action of a zoning board in issuing or refusing a variance, the record is examined only to determine whether or not there has been a manifest abuse of discretion or an error of law. (*Nicholson v. Zoning Board of Adjustment,* 392 Pa. 278, 140 A. 2d 604; *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280.) The record in the present case is devoid of any factors upon which a determination of unnecessary hardship could be predicated. Appellant failed to show that it was not feasible to utilize the premises with its present side yard and open court as a single or two family residence. What appellant did show is that a financial investment will not prove as profitable as previously anticipated if the variance is not granted. Economic hardship standing alone is clearly insufficient to justify the issuance of a variance. *Richman v. Zoning Board of Adjustment,* supra; *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914; *Mutual Supply Co. Appeal,* 366 Pa. 424, 77 A. 2d 612; *Reininger Zoning Case,* 362 Pa. 116, 66 A. 2d 225; *Jennings' Appeal,* 330 Pa. 154, 198 Atl. 621.

Nor is appellant's contention that the present variance should be granted because four other variances

have been previously issued in the immediate area any more tenable. In addition to the fact that this Court has previously held that such a factor in itself does not constitute unnecessary hardship,[4] the acceptance of such an argument would lead to absurd results. Under appellant's theory the issuance of a single variance would justify a complete rezoning of a particular area by the utilization of the variance procedure, a practice condemned on numerous occasions by this court.[5] If the present appellant believes that the four existing multiple dwellings demonstrate such a change in the area that the zoning regulations are no longer adequate, although there is no evidence in the present record to support such a proposition, the proper remedy is by a complete rezoning of the area and not by the piecemeal process of issuing variances. Any alleged discrimination as claimed by the appellant in the present case stems only from a failure to prove unnecessary hardship as required by the ordinance.

Moreover, the last variance for a multiple dwelling in the area in question was issued in 1949, without any reported decision by a previous Board as to what factors constituted the unnecessary hardship. To hold that in spite of appellant's failure to prove an unnecessary hardship, the present Board is bound solely by the action of a previous Board, whose reasons for so acting are unrecorded, would as effectively destroy the utility of a zoning board of adjustment as statutory abolishment. An examination of the present record discloses neither an abuse of discretion, nor an error of law.

Order affirmed.

---

[4] *Richman v. Zoning Board of Adjustment,* supra (cases cited).

[5] *Richman v. Zoning Board of Adjustment,* supra (cases cited); *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367 (cases cited).