## Snyder v. Zoning Board of Adjustment

*Aaron S. Swartz, 3rd* and *High, Swartz, Childs & Roberts*, for appellants.

*Louis D. Stefan*, for zoning board of adjustment.

*Jules Pearlstine*, for intervenors.

FORREST, J., January 6, 1961.—This is an appeal from the decision of a zoning board of adjustment granting a variance for the use of a property in a single residential district, for two dwelling houses.

The facts are as follows: In 1955 George A. Ott and Anne E. Ott, his wife, owned premises containing a single dwelling house, known as 332 Edgewood Drive, in the Borough of Hatfield, Montgomery County. In that year Mr. Ott obtained a permit to build a garage and he erected a separate building in the rear of the lot. While in the course of construction of the building, Mr. Ott told his neighbor, Russell C. Snyder, appellant herein, of 186 Towamencin Avenue, Hatfield, that the building was to be a garage and office. However, Ott enclosed it as one large room, and told Snyder that it was to be temporary quarters for Ott's brother, Robert, until a house was constructed on Blaine Avenue for Robert.

When the house on Blaine Avenue was completed and Robert moved to it, Ott leased his rear building to other tenants. These tenants, without applying for or obtaining a building permit, partitioned the rear building into several rooms.

The property is in a class "A" residential district, under the Borough of Hatfield Zoning Ordinance of 1951. In such districts, according to section 300 of the ordinance, a lot may be used for one "single family detached dwelling" and not for two or more such

dwellings. Section 301 provides that there shall be a minimum lot area of 9,000 square feet for every building used as a dwelling. Section 303 requires that there shall be a front yard, open space between front wall of building and front lot line, the depth of which shall be at least 30 feet.

The use of the rear building as a separate dwelling unit has always constituted a violation of the zoning ordinance. However, the Borough of Hatfield never raised formal objections. Samuel S. Pomeroy and Virginia A., his wife, intervenors herein, observed the two dwelling units then in use, and bought the premises from the Otts in the belief that the rent from the rear house would help them meet the mortgage and other obligations relating to the real estate. It may be that the Hatfield Savings and Loan Association granted a mortgage loan to the Pomeroys only on the assumption that the owner would receive rent from the occupants of the rear house.

The Board of Adjustment of the Borough of Hatfield was of the opinion that the Pomeroys were justified in relying upon the "existing conditions" and should not be "penalized" for such reliance. Accordingly, the board granted a variance upon condition that the Pomeroys shall not convey their property as two separate dwelling units, but shall discontinue the "double user" prior to any conveyance.

The question properly before this court is whether or not the board of adjustment, in granting the variance, was guilty of a manifest and flagrant abuse of discretion. The grant of a variance is limited to cases " 'where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship' " and the variance " 'will not be contrary to public interest' ": Catholic Cemeteries Association Zoning Case, 379 Pa. 516, 522 (1954). Nothing less than a showing of hardship special and

peculiar to the applicant's property will empower the board to allow a variance. "It is established, . . . that variances may be granted only where the property, not the person, is subjected to hardship": Gold v. Zoning Board of Adjustment, 393 Pa. 401, 403 (1958).

In a case where any owner uses a building contrary to law and then sells and conveys to another, the right of the latter to a variance can rise no higher than the right of the former owner. Otherwise, by illegal use and subsequent conveyance an owner might effectively nullify a zoning ordinance.

"If the peculiar circumstances which render the property incapable of being used in accordance with the restrictions contained in the ordinance have been themselves caused or created by the property owner or his predecessor in title, the essential basis of a variance, i.e., that the hardship be caused solely through the manner of operation of the ordinance upon the particular property, is lacking. In such case, a variance will not be granted; the hardship arising as a result of the act of the owner or his predecessor will be regarded as having been self-created, barring relief." Rathkopt, Law of Zoning and Planning, 3rd ed., 48-1.

That the former owner, Ott, had no right to a variance needs no demonstration; it follows, as night follows day, that the Pomeroys have no such right.

The only hardship, if any, of the Pomeroys is voluntarily assumed economic hardship. "Economic hardship standing alone is clearly insufficient to justify the issuance of a variance": Spadaro v. Zoning Board of Adjustment, 394 Pa. 375, 378 (1959). Also, the fact that a property would be more valuable if the variance were granted does not constitute "unnecessary" hardship within the meaning of the Pennsylvania Cases: Pincus v. Power, 376 Pa. 175, 181 (1954).

The Pomeroys may have been under a misapprehension of law by reason of the fact that the borough did not proceed in equity or otherwise to compel the Otts to discontinue the unlawful use of the building on the rear of their lot. Every private purchaser of real estate takes title subject to the valid prohibitions and restrictions of the pertinent zoning ordinance. He is on notice that a use not conforming with the zoning regulations of the particular district may be an unlawful use and not a valid nonconforming use. If he proceeds blindly, he does so at his own risk. The laxity of the borough officials in enforcing the ordinance cannot be equated with a hardship special and peculiar to the applicants' property.

And now, January 6, 1961, the decision of the Zoning Board of Adjustment of the Borough of Hatfield is reversed and the variance is denied. Costs to be paid by the intervenors, Samuel S. Pomeroy and Virginia S. Pomeroy, his wife.