## Anders v. East Norriton Township Board of Adjustment

*Richard S. Lowe*, for plaintiffs.

*Ernest E. Heim*, for defendant.

QUINLAN, J., March 25, 1963.—This matter is now before the court en banc consisting of Honorable David

E. Groshens, J., Honorable Robert W. Honeyman, J., and the writer of this opinion upon an appeal from the decision of the East Norriton Township Board of Adjustment refusing a variance to the appellants herein and denying their appeal.

Samuel J. Anders and his wife, Margaret, appellants herein, are the owners of a piece of ground which they acquired on September 23, 1961, and which is known as 2200 Fourth Street, Coleston, East Norriton Township. This tract is located in an area zoned "A Residential". At the present time, there is a dwelling, along with improvements, erected on a portion of this tract. Appellants desire to erect another house on the premises and to sell that portion of the land on which the present dwelling is located. They requested a building permit from the zoning officer of the township. On November 6, 1962, the zoning officer refused their request on the ground that the proposed lot did not meet the minimum area setback or the side and rear yard requirements for an "A Residential District". The Anders then appealed to the board of adjustment for a variance from the requirements of section 602 of the zoning ordinance. A hearing was held by the board on November 20, 1962, and on November 23, 1962, appellants were notified that the variance was refused and the appeal denied. An appeal to this court then followed and it is that matter which is now before us for consideration.

Counsel for both appellants and the board of adjustment have stipulated and agreed that the sole issue to be decided on this appeal is whether or not appellants are entitled to erect another dwelling on their premises, as a matter of right, under section 401 of the zoning ordinance, which provides as follows:

"*Lots on a plan.* Any lot or lots laid out on a plan, whether recorded or unrecorded in single and separate

ownership prior to the enactment of this Ordinance may be used for a permitted use in the district in which it is located, provided, however, that the minimum and maximum regulations of the district are met as closely as possible".

It is our opinion that appellants do not have such an absolute right under the terms of section 401.

On appeal from the action of a zoning board of adjustment, the record should be examined only to determine whether or not there has been a manifest abuse of discretion or an error of law: Spadaro v. Zoning Board of Adjustment, 394 Pa. 375 (1959). Neither are present here.

Appellants base their argument on the fact that there is in existence an unrecorded plan of the property in question which shows that the lot on which the dwelling is proposed was (in March of 1951) one of three lots, each of which were held in single and separate ownership and, that this being so, they are, in accordance with section 401, entitled to use the lot for a single family dwelling even though the requirements for a single family dwelling in an "A Residential" district have not been met.

The plan to which appellants refer indicates that in 1951 the property did consist of three separate lots. However, prior to September 23, 1961, all three lots were owned by Alfred C. Wainright and his wife and on September 23, 1961, the whole property was transferred by one conveyance to appellants. Moreover, prior to 1955, the two larger lots were, due to a conveyance in April of 1951 of Lot #2 to the Wainrights, under the ownership of the Wainrights alone. The third lot, a very small and irregular lot on which a dwelling could not even be imagined, was acquired by the Wainrights in 1959. Appellants purchased the tract from the Wainrights on September 23, 1961, and now desire to

erect another dwelling house on this lot. We do not believe that in enacting section 401, the supervisors intended to allow a second dwelling on such a lot.

As we view it, the purpose of section 401 is to protect those who, prior to the enactment of the ordinance in 1955, owned lots which were substandard according to the provisions of the 1955 ordinance so that they could either subsequently use such land for a permitted use or sell the lot or lots to one who would so use it. This is not the situation here since the tract of land owned by the Wainrights prior to the enactment of the 1955 ordinance was by no means substandard but, on the contrary, was of sufficient size to meet all of the requirements of section 602 of the zoning ordinance. Any other construction of section 401 would defeat the whole purpose of the zoning ordinance and allow deviations from the established standards thereof where the equities do not demand it.

However, even if we were of the opinion that the tract on which appellants seek to build is of the type referred to in section 401 of the ordinance, we do not believe that the requirements of that section are met. In addition to requiring that the lot or lots be in single and separate ownership, the section states: "provided, however, that the minimum and maximum regulations of the district are met as closely as possible."

The minimum and maximum requirements as set out by section 602 of the ordinance and as proposed by the appellants are as follows:

|  | Ordinance #602 | Proposed |
|---|---|---|
| Lot Area | 15,000 sq. ft. | 6,740 sq. ft. |
| Width Building Line | 100 ft. | 70 ft. |
| Front Yard | 50 ft. | 30 ft. |
| Side Yard (each) | 20 ft. | 8 ft. & 10 to 25 ft. |
| Rear Yard | 60 ft. | 15 to 45 ft. |
| Height | 35 ft. | 35 ft. |

A study of these figures clearly indicates that the use which appellants contemplate on such a small lot would greatly deviate from the standards set down by the East Norriton Zoning Ordinance. The lot area, in itself, is less than half of the 15,000 square feet required by the ordinance. This could hardly be said to meet the regulations of the district "as closely as possible". On the contrary, we believe that there is too great a discrepancy between the requirements of the ordinance and the proposed figures to allow a permitted use under the provisions of section 401. We are, therefore, of the opinion that there was neither an abuse of discretion nor an error of law committed by the East Norriton Board of Adjustment and for that reason their decision should be affirmed.

### Order

And now, March 25, 1963, for the foregoing reasons, the decision of the East Norriton Township Board of Adjustment refusing the variance and denying the appeal of appellants is hereby affirmed.