JOHN J. SHEEHAN *vs.* BOARD OF APPEALS OF SAUGUS & another.

Essex. November 29, 1954. — February 4, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Equity Pleading and Practice,* Zoning appeal. *Administrative Matter.*

The provisions of G. L. (Ter. Ed.) c. 40, § 30, paragraph "3," as appearing in St. 1933, c. 269, § 1, and as amended, did not give one a legal right to a zoning variance but merely an opportunity to seek the granting of a variance in the administrative discretion of the board of appeals in the circumstances set forth in paragraph "3"; and, if the board in the exercise of such discretion denied the variance, the Superior Court in a suit in equity under § 30 by way of appeal from the board's decision had no power to grant the variance but should enter a decree that the decision did not exceed the authority of the board and that no modification of the decision was required.

BILL IN EQUITY, filed in the Superior Court on October 9, 1953.

The suit was heard by *Rome,* J.

In this court the case was submitted on briefs.

*Albion L. Hogan,* Town Counsel, for the defendants.

*Joseph J. Padellaro,* for the plaintiff.

WILKINS, J. The plaintiff is the owner of premises in Saugus in an area zoned for single residences. He applied

to the board of appeals of the town for a variance to enable him to operate a kennel for the keeping of greyhounds. In a decision of the board he was granted a temporary variance for 60 days only. By way of appeal from that decision he brought this bill in equity under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended. The Superior Court entered a final decree granting a permanent variance on condition that the plaintiff's dogs should not be permitted to leave the premises except for transportation to Wonderland Park, Revere, or "beyond the confines of Massachusetts." The board and the superintendent of buildings appealed to this court.

The decree of the Superior Court was erroneous. The case is governed by our recent decision in *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, where the paragraph numbered 3 in c. 40, § 30, is analyzed at length. It is there pointed out that no one has a legal right to a variance, that the paragraph numbered 3 gives a person on certain conditions an opportunity to go before the board of appeals, and that if the board decides adversely to him he commonly has no right enforceable in court (page 557). *Cefalo* v. *Board of Appeal of Boston*, *ante*, 178.

Elaborate statement of the facts is unnecessary. The judge found that the plaintiff is a trainer and breeder of racing greyhounds of which at the time of the hearing he had between 18 and 25 housed in his barn. For 7 years he had maintained such dogs on the premises notwithstanding the zoning by-law. There is nothing in the findings of the judge to show that the board was under any legal compulsion to grant the variance.

The decree is reversed and a decree is to be entered stating that the decision of the board of appeals of Saugus did not exceed its authority, that no modification of its decision is required, and that the clerk of the court within 30 days after the entry of the decree send an attested copy thereof to the board and to the superintendent of buildings of Saugus. *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston*, 328 Mass. 103, 109.

*So ordered.*