THEODORE MEADOWS & another *vs.* TOWN CLERK OF SAUGUS.

Essex. March 7, 1956. — March 28, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*Dog. Kennel. License. Zoning. Practice, Civil,* Appeal.

An appeal from an order for judgment in a mandamus case heard on a statement of agreed facts was under G. L. (Ter. Ed.) c. 231, § 96, not c. 213, § 1D, inserted by St. 1943, c. 374, § 4. [761]

Findings of fact and rulings of law by the judge are not part of the record on an appeal to this court from an order for judgment under G. L. (Ter. Ed.) c. 231, § 96. [761]

A kennel license issued under G. L. (Ter. Ed.) c. 140, § 137A, inserted by St. 1934, c. 320, § 3, as amended, covers not merely a pack of dogs but also the location where the dogs are to be kept. [764]

If a certain use of premises in a town was in violation of its zoning by-law, the use must have been "a new use" commencing after the taking effect of the by-law within G. L. (Ter. Ed.) c. 40, § 29, as appearing in St. 1933, c. 269, § 1; c. 40A, § 12, inserted by St. 1954, c. 368, § 2. [765]

The issuance of a license for a use of premises in a town which would be in violation of its zoning by-law was not authorized by the fact that like licenses had been issued for previous years. [765]

By reason of G. L. (Ter. Ed.) c. 40A, § 12, inserted by St. 1954, c. 368, § 2, a town clerk properly refused to issue a license for a dog kennel to be maintained on certain premises where its maintenance would be in violation of the town's zoning by-law; and a petition for a writ of mandamus to compel the issuance of such license must be dismissed. [764–765]

PETITION for a writ of mandamus, filed in the Superior Court on May 16, 1955.

The case was heard by *Lurie, J.*

*Albion L. Hogan,* Town Counsel, for the respondent.

*Israel Bloch,* for the petitioners.

WILKINS, J. This is a petition for a writ of mandamus to compel the town clerk of Saugus to issue to the petitioners or to either of them, "upon the payment of the required statutory fee, a license to maintain a dog kennel on the premises numbered and known as 58 Walnut Street in the town of Saugus." The judge ordered a peremptory writ "to issue requiring her forthwith to issue to the petitioners or to either of them, in accordance with the provisions of § 137A of c. 140 G. L. (Ter. Ed.), upon the payment of the required statutory fee, a license to maintain a dog kennel on the premises 58 Walnut Street, town of Saugus." The respondent appealed "from the order of the court that a writ of mandamus issue."

As the appeal is not from a final judgment, the case is here under G. L. (Ter. Ed.) c. 231, § 96, and not under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. *Needham* v. *County Commissioners of Norfolk,* 324 Mass. 293, 295. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706, 707. *Hannigan* v. *Board of Appeals of Lowell,* 328 Mass. 366, 367. *Kane* v. *Registrars of Voters of Fall River,* 328 Mass. 511, 513. *Iannelle* v. *Fire Commissioner of Boston,* 331 Mass. 250, 251. *Klier* v. *Building Inspector of Lawrence,* 333 Mass. 111, 112. *Ward* v. *Selectmen of Scituate,* 333 Mass. 108, 110.

The case was heard on a statement of agreed facts. "Ordinarily by appeal in an action at law no evidence is brought before this court. But an appeal from a decision on facts agreed as evidence is treated as raising the question of law whether on all the evidence the verdict or finding was warranted as matter of law. *Ingalls* v. *Hobbs,* 156 Mass. 348. *Harmon* v. *Sweet,* 221 Mass. 587, 598, and cases cited." *Frati* v. *Jannini,* 226 Mass. 430, 432. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 590. *Harrington* v. *Anderson,* 316 Mass. 187, 192.

The judge's findings of fact and rulings of law are no part of the record on the limited appeal afforded by c. 231, § 96.

*Kane* v. *Registrars of Voters of Fall River*, 328 Mass. 511, 513, and cases cited. Enough appears, however, in the agreed facts to enable us to decide the underlying question of law, which is whether the writ will lie to force the town clerk to issue a kennel license for greyhound racing dogs when the premises where the dogs are to be kept and which are named in the prayer of this petition are in an area zoned for residences and when the maintenance of the kennel in this particular location would be in violation of the zoning by-law of the town.

The petitioners Alfred J. Mioduzewski and Theodore Meadows are father and son, residing at 58 Walnut Street. Alfred had a kennel license for the year expiring March 31, 1954, and Theodore had one for the year expiring March 31, 1955. Each license gave the licensee's address as 58 Walnut Street, and contained the following: "The dogs to be kept under this license MUST be confined to the premises of the owner or keeper and MUST be restrained at all times, or must wear a collar or harness and tag. . . . Kennels must be kept in a sanitary condition and open to inspection by proper officials at all times else this license may be revoked." The license expiring on March 31, 1955, has the following: "Other Data   right hand side of Walnut St. going toward Lynnfield — Bd. of Appeals variance — 6 mos." See *Sheehan* v. *Board of Appeals of Saugus*, 332 Mass. 188. Both petitioners made application for a license for the year beginning April 1, 1955, but were refused on the ground that the maintaining or keeping of dogs on those premises was in violation of the zoning by-law.

In the statute governing the licensing of dogs, "kennel" is defined as "one pack or collection of dogs on a single premises, whether maintained for breeding, boarding, sale, training, hunting or other purposes and including any shop where dogs are on sale, and also including every pack or collection of more than three dogs three months old or over owned or kept by a person on a single premises irrespective of the purpose for which they are maintained." G. L. (Ter. Ed.) c. 140, § 136A, inserted by St. 1934, c. 320, § 1, as

amended by St. 1943, c. 111, § 1. Kennel licenses are regulated by G. L. (Ter. Ed.) c. 140, § 137A, inserted by St. 1934, c. 320, § 3, as amended by St. 1937, c. 95, and by St. 1943, c. 111, § 3, which provides: "Every person maintaining a kennel shall have a kennel license. . . . Kennel licenses under this section shall be issued by the police commissioner of the city of Boston if the dogs are to be kept under such license in said city or by the clerk of any other town if to be so kept in said town. . . . Such license shall be in lieu of any other license for any dog while kept at such kennel . . . . The holder of a license for a kennel shall cause each dog kept therein to wear, while it is at large, a collar . . . to which shall be securely attached a tag . . . . Such tags . . . shall be furnished to such owner or keeper by the clerk of the town in which such kennel is licensed . . . in quantities not less than the number of dogs kept in such kennel. The fee for each license for a kennel shall be ten dollars if not more than four dogs are kept in said kennel, twenty-five dollars if more than four but not more than ten dogs are kept therein and fifty dollars if more than ten dogs are kept therein . . . . The name and address of the owner of each dog kept in any kennel, if other than the person maintaining the kennel, shall be kept on file thereat and available to inspection . . . . Any holder of a license for a kennel in any town may remove his kennel to a location in any other town in the same county, with the written approval of such new location of the mayor or selectmen of the town to which he removes his kennel. Before such removal he shall deliver to the clerk of the town into which he intends to remove his kennel the written approval of the mayor or selectmen thereof and his original license, and the clerk shall thereupon, on payment of a fee of one dollar, issue to him a new license covering the new location for the balance of the period of the original license."

In G. L. (Ter. Ed.) c. 140, § 137C, as appearing in St. 1939, c. 206, there are provisions for inspection of a kennel to ascertain whether it is maintained in a sanitary and humane manner, or records are properly kept as required by law.

We have made lengthy quotation from the statute because its language seems to us to preclude the contention that the subject matter of the license is simply a pack of dogs and that the license itself is not one covering the location or the premises where the dogs are to be kept. The statutory definition of kennel is not simply "one pack or collection of dogs" but is "one pack or collection of dogs on a single premises." Herein is undoubtedly to be found the reason why this petition was for a license to maintain a dog kennel on the premises at 58 Walnut Street, as well as the reason why the order of the judge was that a license issue to maintain a dog kennel on those premises. Certain expressions in § 137A impress us as being inconsistent with the petitioners' contention, such as "any dog while kept at such kennel," "kept therein," "dogs kept in such kennel," "kept in said kennel," "kept in any kennel," "kept on file thereat," "remove his kennel to a location in any other town in the same county," "with the written approval of such new location," and "issue to him a new license covering the new location." It would be strange if the new license the petitioners might obtain when moving their kennel to another municipality in the same county would be one "covering the new location" while the license now sought, if granted, would not be one covering an old location in Saugus. The statute considered in *State* v. *Tripp,* 84 Conn. 640, was substantially different.

The petitioners urge that the town clerk has no discretion to deny an application for a license if made in proper form. Assuming that to be so, due effect nevertheless must be given to the mandatory provisions of G. L. (Ter. Ed.) c. 40, § 29, as appearing in St. 1933, c. 269, § 1; c. 40A, § 12, inserted by St. 1954, c. 368, § 2, both of which substantially provide in part that "state, county and municipal officers shall refuse any permit or license for a new use of a building, structure or land which use would be in violation of any zoning ordinance or by-law or amendment thereof." While we cannot take judicial notice of an ordinance or by-law, *Cerwonka* v. *Saugus,* 316 Mass. 152, 153, or its effective

date, *Howes* v. *Essex*, 329 Mass. 381, 382, the agreed facts clearly show that a greyhound dog kennel is "a new use" of the land entered upon subsequent to the enactment of the zoning by-law. Otherwise there would not have been a violation of that by-law. See G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1; c. 40A, § 5, inserted by St. 1954, c. 368, § 2; *Foster* v. *Mayor of Beverly*, 315 Mass. 567, 571. The granting of previous kennel licenses did not authorize such a violation. *Lincoln* v. *Giles*, 317 Mass. 185, 187. *Inspector of Buildings of Burlington* v. *Murphy*, 320 Mass. 207, 210.

We hold, therefore, that since in this Commonwealth a kennel license is one covering a location, the petitioners cannot force the respondent town clerk to issue a license covering a location in a residence district where the maintenance of the kennel would be in violation of the zoning by-law.

The order for judgment is reversed and the petition is to be dismissed.                                     *So ordered.*