PETER BRUZZESE *vs.* BOARD OF APPEALS OF HINGHAM.

Plymouth. November 8, 1961. — January 3, 1962.

Present: WILKINS, C.J., WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Zoning,* Variance. *Administrative Matter.*

G. L. c. 40A, § 15 (3), as amended through St. 1958, c. 381, does not confer upon a landowner a legal right to a zoning variance, but merely confers on the board of appeals administrative discretion to grant a variance if all of the conditions set forth in the statute are satisfied. [423]

A conclusion that an applicant for a zoning variance with respect to land in a certain zoning district sustained the "substantial hardship, financial or otherwise" required by G. L. c. 40A, § 15 (3), as amended through St. 1958, c. 381, for the granting of a zoning variance would not have been warranted by the mere presence of nonconforming lots in the same district as the applicant's land and the expenditure of money by him in anticipation of the granting of a variance. [423–424]

Use of the words "financial or otherwise" in G. L. c. 40A, § 15 (3), as amended through St. 1958, c. 381, in stating the "substantial hardship" required for the granting of a zoning variance does not mean that a deprivation of potential advantage from a prohibited use constitutes a substantial hardship. [424]

In a suit in equity by way of appeal to the Superior Court under G. L. c. 40A, § 21, as amended, from a decision of the board of appeals of a town denying a zoning variance for a division of land into two lots, one of which would not conform with the area and street frontage requirements of the zoning by-law, after a finding that the plaintiff had not met the "hardship" requirement for the granting of a variance under § 15 (3), as amended through St. 1958, c. 381, this court reversed a decree that the decision of the board was "unreasonable and arbitrary" and invalid and ordered the entry of a decree stating that the decision did not exceed the board's authority and that no modification of the decision was required. [422, 424]

BILL IN EQUITY, filed in the Superior Court on November 14, 1960.

The suit was heard by *Gourdin,* J.

*John R. Hally,* for the defendant.

*Angelo D. Spirito,* for the plaintiff.

SPIEGEL, J. This is an appeal by the defendant board from a final decree in the Superior Court adjudging that the decision of the board denying a zoning variance was "unreasonable and arbitrary" and hence invalid. The judge made a "Finding and Order for Decree" which he later adopted as a report of material facts.

The plaintiff owns a lot of land on Hersey Street in the town of Hingham containing 36,735 square feet on which there is a single family dwelling. The lot is situated in what is known under the town's zoning by-law as a "Residence District A." This district requires a lot size of 20,000 square feet with 125 feet of frontage on a way.

Sometime prior to June 16, 1960, the plaintiff constructed a foundation on the rear part of his land and moved a barn which had been located on the front portion to that foundation. He then applied to the building commissioner for a permit to "convert the barn into a house, or a dwelling," which was denied. Following the denial, the plaintiff appealed to the board praying that "a variance may be granted from the terms of Section IX Item 4 of the Zoning By Law."

The plaintiff proposed to subdivide his parcel of land into two lots, one having an area of 12,600 square feet with a frontage on Hersey Street of ninety feet on which the existing dwelling would be located, the other having an area of 24,135 square feet with no frontage on Hersey Street on which the barn would be located. The lot fronting on Hersey Street would be nonconforming to the zoning by-law because it would lack the necessary area and frontage and thus would require a variance. There was also a question whether the rear lot had any frontage on a way and therefore whether it too was nonconforming.

After two hearings, the board found no evidence of hardship on the plaintiff and denied the variance. On appeal to the Superior Court, there was evidence that other buildings in the zoning district were located on lots which did not conform to the by-law and that the plaintiff expended money anticipating the granting of the variance. The

judge found the following: ". . . substantial hardship on applicant were he forced to have so much footage useless for building in such an area; . . . no detriment to the public good and no derogation from the intent or purpose of the zoning by-law."

Paragraph 3 of G. L. c. 40A, § 15 (amended through St. 1958, c. 381) provides that a zoning board of appeals shall have power "[t]o authorize upon appeal . . . with respect to a particular parcel of land or to an existing building thereon a variance from the terms of the applicable zoning ordinance or by-law where, owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise."

If the board finds that all of the conditions set forth in the statute are satisfied, it may, in its discretion, grant a variance.   General Laws c. 40A, § 15, does not confer upon the landowner any legal right to a variance. *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 557. *Sheehan* v. *Board of Appeals of Saugus,* 332 Mass. 188, 189. Although one aggrieved by a decision of the board may appeal to the Superior Court under G. L. c. 40A, § 21 (as amended through St. 1960, c. 365), ". . . a judge can seldom, if ever, grant a variance which has been refused by a board of appeals." *Cefalo* v. *Board of Appeal of Boston,* 332 Mass. 178, 181.

This is not a case where the board denied a variance solely upon a legally untenable ground, nor does the record indicate that the decision of the board was arbitrary and unreasonable.   See *Pendergast* v. *Board of Appeals of Barnstable, supra,* 559–560.

Evidence that there are other nonconforming buildings in the area and that the plaintiff expended money in antici-

pation of being granted a variance by the board does not justify a finding of substantial hardship. Nor does evidence that the plaintiff is unable to build a second dwelling on the lot aid him. The zoning by-law does not deprive the plaintiff of the use of his land. Compare *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333, 335. We may infer that it would be of greater advantage to him if he were permitted to erect a second house on this lot. However, we do not construe the use of the words "financial or otherwise" in the statute to mean that a deprivation of potential advantage constitutes a "substantial hardship." See *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 594–595.

As we are of opinion that the zoning board of appeals was not in error in denying a variance for the proposed lot fronting on Hersey Street, it is unnecessary for us to consider the status of the rear lot.

The decree is reversed and a new decree is to be entered stating that the decision of the board did not exceed its authority, that no modification of its decision is required, and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board. See *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston,* 328 Mass. 103, 109.

*So ordered.*