Robert O. CLOUSER et al., as members of the Board of Zoning Adjustment, et al., Appellants,

v.

King DAVID, Appellee.

No. 16804.

United States Court of Appeals District of Columbia Circuit.

Argued May 10, 1962.

Decided Oct. 4, 1962.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellants.

Mr. King David, Washington, D. C., appellee pro se, with whom Mr. James H. Myrick, Washington, D. C., was on the brief.

Before EDGERTON, WASHINGTON and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

The plaintiff David, a member of the bar, appealed to the Board of Zoning Adjustment of the District of Columbia for a "variance" to permit him to use his house, in a residential zone at 1916 Eleventh Street Northwest, as a law office. The Board of Zoning Adjustment is authorized "Where, by reason of exceptional narrowness, shallowness, or shape of a specific piece of property at the time of the original adoption of the regulations or by reason of exceptional topographical conditions or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any regulation * * * would result in peculiar and exceptional practical difficulties to or exceptional and undue hardship upon the owner of such property, to authorize, upon an appeal re-

234

lating to such property, a variance from such strict application so as to relieve such difficulties or hardship, provided such relief can be granted without substantial detriment to the public good and without substantially impairing the intent, purpose, and integrity of the zone plan * * *." D.C.Code (1961) § 5–420(3), 52 Stat. 800.

The Board denied a variance and the plaintiff filed a complaint for injunctive relief against the Board. The District Court granted the plaintiff's motion for summary judgment, on the ground that the Board's action was in a legal sense arbitrary and capricious.

■ The neighborhood largely conforms with its present residential zoning, although some property is still used for commercial purposes in accordance with a regulation which permits a "nonconforming use" to continue when zoning is changed. The District Court pointed out that many neighbors favored the plaintiff's application and no one opposed it. The court disagreed with the Board's opinion that "relief cannot be granted without substantial detriment to the public good and without substantially impairing the intent, purpose, and integrity of the zone plan * * *." It appears to us that this opinion of the Board was reasonable and that the court erred in substituting its own opinion. We do not discuss the matter in detail because, regardless of this question, we think the plaintiff's motion for summary judgment should have been denied and the Board's motion for summary judgment granted.

■ The substance of the plaintiff's case was that he had spent $4,000 in "fixing up" the property, that unless he could maintain his law office there he would be "bankrupt * * * out of business", and that the law office would cause no detriment. Such facts alone do not bring a case within the Board's authority to allow a variance. The practical difficulties or hardship to which the plaintiff is subjected must be due either to "exceptional narrowness, shallowness, or shape"

of the property, or else to the property's "exceptional topographical conditions or other extraordinary or exceptional situation or condition". As the Board said in its opinion, "The lot is of normal size and shape, and the existing structure was erected as a dwelling and can be used for such with a minimum of cost for conversion." As the Board says in its brief, "Hardship, if any, has not resulted from the location, situation, or condition of the property, but solely from appellee's appropriation of it for commercial purposes without first having obtained the necessary change in zoning. To countenance such a procedure and standard for the procurement of a variance is to encourage the destruction of planned zoning in the District of Columbia."

Reversed.