Lee **SALSBERY**, Petitioner,

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT,** Respondent.

No. 8647.

District of Columbia Court of Appeals.

Argued Jan. 22, 1975.

Decided May 19, 1976.

Norman M. Glasgow, Washington D.C., with whom Whayne S. Quin and John F. McCabe, Jr., Washington, D.C., were on the brief, for petitioner.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

Petitioner seeks review of an order of the Board of Zoning Adjustment (hereinafter the Board) denying his request for a zoning variance.[1] This petition stems from the Board's second[2] refusal (upon remand) to grant petitioner's application for a variance which would have permitted petitioner to change the use of the premises in question from C–1 non-conforming use (grocery store) to a C–2 non-conforming use (commercial photography studio). Petitioner contends primarily that the Board erred in failing to find that the requisite "exceptional and undue hardship" exists, which under D.C.Code 1973, § 5–420 (3), is necessary to enable the grant of a variance. We disagree and affirm.

The property in question is located in the Capitol Hill area of the District of Columbia. It consists of real estate and a building vacated since 1969. Safeway Stores, Inc. had formerly leased the property for twenty-six years for use as a grocery store. Efforts were subsequently made without apparent success between 1969 and late 1972 by the original owner to secure either a tenant or a purchaser for the property whose business was consistent with its C–1 non-conforming use classification. Later, on December 13, 1972, the petitioner, Mr. Lee Salsbery, executed a contract unconditionally obligating himself to purchase the subject property from a Mr. Merrill for $66,000. Significantly, the contract was not conditioned upon the securing of different zoning.

The Board denied petitioner's variance application on March 15, 1973. On appeal, this Court reversed and remanded the case to the Board because the findings of fact

---

1. D.C.Code 1973, § 11–722.

2. *See Salsbery v. District of Columbia Bd. of Zoning Adjustment*, D.C.App., 318 A.2d 894, 898 (1974) where we reversed and re-

manded declaring that "[n]ot being able to effectively review the Board's conclusion, we are unable to declare the result reasonable or unreasonable."

and conclusions of law were insufficient for the reviewing court to discern the basis for the Board's decision.[3] A new order was issued on June 28, 1974, and again the Board with new findings and conclusions denied petitioner's application for a variance. It is from this order that the present appeal derives.

The applicable statute providing for a zoning variance, where "undue hardship upon the owner" exists, states that:

> Upon appeals the Board of Adjustment shall have the following powers:
>
> .  .  .  .  .  .  .
>
> (3) Where, by reason of exceptional narrowness, shallowness, or shape of a specific piece of property at the time of the original adoption of the regulations or by reason of exceptional topographical conditions or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any regulation adopted under sections 5–412 to 5–428 would result in peculiar and exceptional practical difficulties to or exceptional and undue hardship upon the owner of such property, to authorize upon an appeal relating to such property, a variance from such strict application so as to relieve such difficulties or hardship, provided such relief can be granted without substantial detriment to the public good and without substantially impairing the intent, purpose and integrity of the zone plan as embodied in the zoning regulations and map. [D.C.Code 1973, § 5–420(3).]

■ Upon remand, the Board concluded that petitioner had not demonstrated the exceptional and undue hardship required for the variance sought. It further stated that petitioner's own witnesses established that a reasonable R–4 use of the property (row-type townhouses) by development is available.[4]

Essentially, it is petitioner's position that unless a use variance is granted he will be deprived impermissibly "of all reasonable use of his property." We do not agree.

First of all, as the Board said in denying the variance,

> the land upon which the building is situated has substantial value (approximately $45,000) and is well suited to the kind of development permitted in the R–4 District. [Petitioner's] own witnesses testified that R–4 development [row-type townhouses] of the property would provide a reasonable return on a reasonable investment in the property. Indeed, one of [petitioner's] witnesses . . . testified that R–4 development of the property is the best course of action.

This scarcely bespeaks a deprivation "of all reasonable use of his property", as petitioner contends.

■ If there is a hardship present, it stems from the fact that petitioner contracted to purchase the existing property for $66,000 without conditioning the contract upon the securing of a use variance. A self-inflicted hardship, such as this, will not support the grant of a use variance. *Clouser v. David*, 114 U.S.App.D.C. 12, 309 F.2d 233 (1962), *cert. denied*, 372 U.S. 929, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963); *Appeal of Patti*, 440 Pa. 101, 270 A.2d 400 (1970); *Bruzzese v. Board of Appeals of Hingham*, 343 Mass. 421, 179 N.E.2d 269 (Sup.Jud.Ct., Plymouth, Mass.1962). *See Dwyer v. District of Columbia Board of Zoning Adjustment*, D.C.App., 320 A.2d 306 (1974); *Taylor v. District of Columbia Board of Zoning Adjustment*, D.C. App., 308 A.2d 230 (1973); and *Palmer v. Board of Zoning Adjustment*, D.C.App., 287 A.2d 535 (1972). *See also* 2 R. Anderson, American Law of Zoning §§ 14.22, 14.41, 14.42 (1968).

---

3. *See* note 2, *supra.*

4. Having so concluded, insofar as it appears on this record, the Board would scarcely deny this usage in the future to petitioner.

Petitioner argues that our decision in *Clerics of Saint Viator, Inc. v. District of Columbia Board of Zoning Adjustment,* D.C.App., 320 A.2d 291 (1974) is controlling here. But that decision is distinguishable.

In *Clerics, supra,* the religious order had built a religious seminary in 1961 and the number of resident seminarians declined from a high of thirty to an enrollment of two. The religious order sought a variance to a use as a convalescent home. The application was denied by the Board. We reversed and remanded for further proceedings.[5] In so doing we recognize that "[t]he purpose of a variance provision is to prevent a zoning statute from operating to deprive a property owner of *all beneficial use of his property",*[6] noting that otherwise, the application of the statute would be "unconstitutionally confiscatory." [7]

Here, however, there is no deprivation of "all beneficial use" of the property. Furthermore, in *Clerics,* unlike here, there was no self-inflicted hardship.

As we said in *Taylor v. District of Columbia Board of Zoning Adjustment, supra* at 236, "[t]he Board simply has no authority to grant a variance in order to assure the petitioner a profit." (Citations omitted.) "An inability to put property to a more profitable use or loss of economic advantage is not sufficient to constitute hardship." *Palmer v. Board of Zoning Adjustment, supra* at 542 (footnote omitted).

We are of the opinion that the Board's conclusions are in accordance with the applicable law and are supported by substantial evidence of record. (D.C.Code 1973, § 1–1510(3).)

*Affirmed.*

---

5. In remanding, we did not order a variance granted but, rather, directed that there be further proceedings in accordance with guidance given in the opinion.

6. *Clerics of Saint Viator, Inc. v. District of Columbia Bd. of Zoning Adjustment, supra* at 294 (emphasis added).

7. *Id.* (footnoted omitted).