Banks, J.
This is an action arising in the Lynn Division of the District Court Department in which the plaintiff seeks to recover a real estate broker’s commission against the defendant, the seller of the property for the sale of which the commission is claimed. The complaint is in two counts: one count in contract and another for the fair market value of services. After hearing, the trial court found for the defendant. The plaintiff has appealed from that finding.
The facts are essentially undisputed. The court found that the plaintiff, a licensed real estate broker, was engaged by the defendant to sell the property in question. The defendant’s asking price was $49,900.00, and there was no agreement on his part that a sale would involve his taking back a second mortgage. The plaintiffs commission, if he effected a sale at that price, was to be $2,000.00. The plaintiff made efforts to locate potential buyers, and ■ultimately obtained a written offer from one Parish who, in fact, subsequently purchased the property. The offer was made on May 23,1981 and was for the total amount of $42,000.00. The offer involved the payment by Parish of $9,000.00 in cash, the assumption of defendant’s $27,000.00 mortgage and the defendant’s taking back a mortgage of $6,000.00 for five years. The defendant refused this offer. Following this refusal, the plaintiff produced a second offer from Parish on June 2, 1981. The second offer increased the total price to $44,000.00 with the same assumption of the existing mortgage, cash in the amount of $7,000.00, and the taking back by the defendant of a second mortgage of $10,000.00 for ten years. This offer was also refused by the defendant. Thereafter, the plaintiff procured one additional offer from a prospective buyer, but no sale materialized because of financial problems of the prospective buyer.
The defendant revoked plaintiffs authority in September, 1981.
In March, 1982, Parish personally submitted an offer to the defendant for the purchase of the property. This offer was in the total amount of $46,000.00 to be paid by the assumption of the $27,000.00 existing mortgage and the remainder of $18,000.00 in cash. The defendant accepted this offer, and the property was transferred on April 2, 1982.
*21 The trial court specifically found that the seller acted in good faith when he revoked the broker’s authority in September, 1981, never expecting that the buyer would contact him directly several months later. The court also found that the broker had never produced a buyer ready, willing and able to purchase upon the seller’s terms which excluded the taking back of a mortgage.
The plaintiff presented several requests for rulings after trial. The plaintiff now appeals from the denial of his requests numbers 4 and 5, and from the qualified allowance of requests numbers 2 and 3 as follows:
2. A real estate broker who introduces a customer to a seller who had engaged him to sell real estate and seller refuses original offer and then deals directly with customer (buyer) and ultimately a sale results, the broker is entitled to a commission.
' Action by Court: Granted as a partial explanation of the applicable law. But please see my findings where I have found that the broker is not entitled to a commission for he did not provide a customer who was able, willing and ready to buy the property on the terms set by the seller before the broker’s authority was revoked, nor did I find that the broker was the efficient cause of sale.
3. A buyer of real estate who is ready, willing and able to buy real estate from a seller who is introduced to said seller through the efforts of a real estate broker, if the buyer and seller ultimately agree on a purchase price and title passes to the buyer, the seller cannot escape paying a broker’s commission on such sale.
Action by Court: Granted as a partial explanation of the applicable law. But see my findings where I have found that the broker is not entitled to a commission for he did not provide a customer who was able, ready and willing to buy the property on the terms set by the seller before the broker’s authority was revoked, nor did I find that the broker was the efficient cause of the sale.
4. A broker’s employment is completed with the introduction of a buyer to the seller. Such broker need not be present at the time of the transfer or be concerned with subsequent negotiations between the parties; that is the buyer and seller.
5. When the broker has produced a customer, his duty is at an end. So far as his rights or his duty are concerned it is immaterial whether a contract is or is not made, or if made, whether it is or is not performed.
Action by Court on 4 & 5: Denied for these are incomplete statements of the applicable law. I do not believe that the broker’s employment is completed with the mere introduction of the buyer to the seller for he must produce a buyer who is able, ready and willing to buy the property on the terms set by the seller. I agree that the broker need not be present at the time ofthe transfer or be concerned with subsequent negotiations that might take place between the parties providing that he provided a customer who was able, ready and willing to buy the property on the terms set by the seller and that he was the efficient cause of the sale. Further, I agree that it is immaterial whether a contract is or is not made or whether it was performed provided that he has produced a customer who was able, ready and willing to buy the property on the terms set by the seller.
The plaintiffs appeal is without merit. While the plaintiff apparently *22 introduced the prospective buyer to the property, such an introduction does not alone earn a broker’s commission. Whitcomb v. Bacon, 170 Mass. 479 (1898). To earn his fee, the broker must produce a customer ready, willing and able to buy upon the terms and for the price given to the broker by the owner. Tristam’s Landing, Inc. v. Wait, 367 Mass. 622 (1975); Henderson & Beal, Inc. v. Glen, 329 Mass. 748, 751 (1953). Upon the evidence reported, it is clear that prior to the revocation- of his authority the plaintiff never produced an offer which was close to defendant’s asking price, or, more significantly, did not involve the taking back of a second mortgage.
Moreover, in order to earn a commission, the broker must be the efficient cause of the sale. Kacavos v. Diamond, 303 Mass. 88, 92 (1939); Holton v. Shepard, 291 Mass. 513, 516 (1935). Again, upon the findings of the trial court, the final sale of the property was initiated by the buyer after the revocation of the plaintiffs authority. Barring a finding of fact that the defendant acted fraudulently to avoid the payment of a commission, the plaintiff has no claim in this matter. See Turner v. Minasian, 358 Mass. 425, 429-430 (1970); Post Road Realty, Inc. v. Olin, 1982 Mass. App. Div. 283, 284-285. The court having found explicitly as a matter of fact that the defendant did not act to escape the plaintiffs claim for a commission, there is no basis for the plaintiffs appeal.
The finding of the trial court for the defendant is hereby sustained. There being-no error, the report is dismissed.