## Pincus, Appellant, *v.* Power.

Argued November 16, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

reargument refused January 27, 1954.

*Michael H. Egnal,* for appellants.

*James L. Stern,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellees.

*John C. Noonan,* for Chelten Hills Civic League, intervenor, appellee.

Opinion by Mr. Justice Bell, January 4, 1954:

Appellant-plaintiffs are the owners of six parcels of ground situate on the east side of Stenton Avenue at its intersection with the north side of Johnson Street in the City of Philadelphia. The lots have a total frontage of 135 feet and a depth of 100 feet. Plaintiffs sought and were refused a variance—hence this appeal.

Plaintiffs purchased this property on March 30, 1935, at which time it was and still is zoned "C" Residential. Under "C" Residential Zoning, the land can be used for detached or semi-detached dwellings or multiple dwellings. Plaintiffs sought a variance in order to erect six 2-story structures on this property, the ground floor of each to be used for (a variety of) commercial retail stores, with a second floor to be used as an apartment for a single family dwelling.

The east side of Stenton Avenue between Johnson Street and Barringer Street (the southern half of which is owned by plaintiffs) is a big vacant lot overgrown with weeds. On the rear of plaintiffs' property is a driveway about 10 feet wide, and beyond the driveway new attractive houses have been built on the remaining portion of this large block. All of this entire city block is zoned "C" Residential.

The west side of Stenton Avenue, between Johnson Street and Barringer Street, was rezoned Commercial "A" on December 1, 1944, and a number of commercial stores have been erected in this block. To the north, on the east side of Stenton Avenue, across Barringer Street are residences and the zoning is "C" Residential.

According to plaintiffs, the hardships claimed are twofold: (a) the failure to grant a variance results in great hardship to them because their property is now worth about $9000. and if the variance were grant-

ed, would be worth approximately $40,000.; and (b) if and when Stenton Avenue, which is on the City plan, is widened to become a State highway, 14 additional feet will be taken from the east side of Stenton Avenue at Johnson Street which, in practical effect, will make unprofitable the erection of dwelling houses on lots having a depth of only 86 feet. This contention overlooks the fact that plaintiffs will be compensated for the value of their property if and when taken.

Two years ago City Council either refused or failed, after request, to change the zoning of the square or block in which is located plaintiffs' property, from Residential to Commercial.

Because of the confusion which permeated this case on the subject of rezoning it may be wise to point out that this is not an attempt to or petition or proceeding to "rezone" the property, but merely to obtain "a variance" which the Board of Adjustment and in turn the Court of Common Pleas have power to grant where unnecessary hardship is proved or in cases of practical necessity where the reasons are substantial, serious and compelling.

The Board of Adjustment refused to grant a variance and found that the safety, health and general welfare of the immediate neighborhood would be affected to its detriment if the variance were granted and the applicants be permitted to erect the proposed six 2-story structures upon their property. The Board of Adjustment refused to grant a variance among other reasons (1) because of the proximity of new dwellings to the rear of plaintiffs' property, believing that the commercial activities would be noisy, dirty and possibly odorous; (2) because plaintiffs' proposed plan would violate the set-back requirements from Johnson Street and the open-air requirements on another street, and thus cut off light and air from the

dwellings surrounding appellants' property; (3) because the erection of additional stores with insufficient parking space on already heavily trafficked Stenton Avenue, would greatly increase the already hazardous traffic situation; (4) because the variance would be unfair to surrounding property owners who had built their residences and developed their property as residential in accordance with the zoning requirements; and (5) because plaintiffs proved nothing but a large financial hardship.

Plaintiffs appealed from the refusal of the Zoning Board of Adjustment to grant the variance, to the Court of Common Pleas, which took additional testimony. The Court of Common Pleas had the power to hear the appeal and likewise had the power to hear evidence and to make such decision as, under the evidence and the applicable principles of law, was just and proper: *Rolling Green Golf Club Case*, 374 Pa. 450, 458, 97 A. 2d 523; *Dooling's Windy Hill v. Springfield Township*, 371 Pa. 290, 89 A. 2d 505; *Lindquist Appeal*, 364 Pa. 561, 73 A. 2d 378. The lower Court affirmed the action of the Board of Adjustment and dismissed the plaintiffs' appeal. The lower Court pointed out that there must be a line of demarcation somewhere between commercial stores and residential properties; that Stenton Avenue was a wide street, and the fact that stores were allowed on one side did not justify the erection of stores on the other side of the street in a neighborhood which was still residential; and the fact that appellants could sell their land at a far higher price if the zoning were changed or if a variance was granted was not an unnecessary hardship or a sufficient reason to grant the variance. See: *Junge's Appeal (No. 1)*, 89 Pa. Superior Ct. 543.

In the leading case of *Devereux Foundation, Inc. Zoning Case*, 351 Pa. 478, 41 A. 2d 744, Justice, now

Chief Justice, STERN said, in discussing a variance (pages 483-484, 485, 486) : "It was said in Kerr's Appeal, 294 Pa. 246, 253, 144 A. 81, 84: 'The difficulties and hardships, which move the board of adjustment to depart from the strict letter of the ordinance, should be substantial and of compelling force.' And in Valicenti's Appeal, 298 Pa. 276, 283, 148 A. 308, 310, 311, it was said: 'It is true that variations may be permitted, but only in cases of practical necessity, and for reasons that are "substantial, serious and compelling" ' . . . 'The strict letter of the ordinance may be departed from only where there are practical difficulties or unnecessary hardships in the way of carrying it out; and in such manner that the spirit of the ordinance may be observed, the public health, safety and general welfare secured and substantial justice done. No other considerations should enter into the decision.' . . . Mere hardship is not sufficient; there must be *unnecessary* hardship, . . .

"We do not believe that it was the intention of the legislature, nor of the township supervisors, to empower a board of adjustment to set at naught the zoning statute and ordinance under the guise of a variance. The power to authorize such a variance is to be sparingly exercised and only under peculiar and exceptional circumstances, for otherwise there would be little left of the zoning law to protect public rights; prospective purchasers of property would hesitate if confronted by a tribunal which could arbitrarily set aside the zoning provisions designed to establish standards of occupancy in the neighborhood. Indeed, if such power were to be interpreted as a grant to the board of the right to amend or depart from the terms of the ordinance at its uncontrolled will and pleasure, it might well be challenged as being an unconstitutional delegation of legislative authority to a purely administrative tribunal."

The only substantial hardship proved in the instant case is that plaintiffs' property would be 400% more valuable if the variance were granted than if it were refused. We agree with the Board of Adjustment and the Court of Common Pleas that this alone does not constitute "unnecessary" hardship within the meaning of our cases.

In *Rolling Green Golf Club Case*, 374 Pa., supra, the Court said (pages 458-9) : "On appeal from a decision of a Court of Common Pleas in a zoning matter the case comes before an appellate Court as on certiorari, and where there is adequate evidence to support the findings of the Court below and the proceeding is free from error of law and there has been no manifest abuse of discretion, the decision will not be reversed. Cf. Dooling's Windy Hill v. Springfield Township, 371 Pa., supra; Lindquist Appeal, 364 Pa., supra."

In this case there was adequate evidence to support the findings of the lower Court, and there was neither error of law nor abuse of discretion.

The order of the Court of Common Pleas is affirmed; costs to be paid by Appellants.