## Magrann v. Zoning Board of Adjustment (et al., Appellant).

Argued April 20, 1961. Before JONES, C. J., MUS-
MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Allan M. Tabas,* with him *Tabas, Smith, Ocks &
Fisher,* for appellant.

*Stanley F. Mankas,* with him *Bellwoar, Rich &
Mankas,* for appellees.

OPINION BY MR. JUSTICE EAGEN, May 22, 1961:

The appellant is the owner of premises located in a
D-Residential zone in the City of Philadelphia. The
zoning board of adjustment granted a use variance per-
mitting the commercial use of the property as a gas
station. The lower court reversed the board's order.
This appeal followed.

No additional testimony was heard by the court below, therefore, the sole question for determination, is whether or not the zoning board abused its discretion or committed an error of law in granting the variance: *Upper St. Clair Twp. Grange Zoning Case,* 397 Pa. 67, 152 A. 2d 768 (1959). We agree with the court below that the board's decision constituted an abuse of discretion.

The land involved is a corner lot fronting 100 feet on one public street and 150 feet on the other. A small portion of the land is occupied by a building presently used as an ice distribution depot, which is a nonconforming use. For many years before, it was used as an ice storage house. The appellant purchased the property in December 1959, without making any investigation into its zoning classification. He proposes to demolish the existing structure and erect a gasoline service station. He maintains that the land cannot be used for purposes consistent with the area zoning because there is no market for modern or new homes in the area, and that it is not economically advisable to continue using the premises as an ice distribution depot.

It is well established that a variance should be granted only where it is not contrary to the public interest and where the property involved is subjected to an unnecessary hardship unique or peculiar to itself, and not to general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance. Nothing less than a showing of hardship, special and peculiar to the property involved, will empower the zoning board to permit a variance: *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367 (1955) ; *Smolow v. Zoning Board of Adjustment,* 391 Pa. 71, 137 A. 2d 251 (1958). The authority of the board is not an arbitrary one and it may grant a variance only for reasons that are " 'substantial, serious, and compelling' ": *Ventres-*

*ca v. Exley*, 358 Pa. 98, 100, 56 A. 2d 210 (1948). The only evidence in support of the granting of the variance in this instance is that the appellant will suffer an economic hardship, if not permitted to pursue his plans. In his petition of appeal to the zoning board of adjustment, the reason stated in support of the application is that the present classification "causes appellant and petitioner to suffer a severe financial hardship." In his testimony before the board, he admitted that the land is suitable for the erection of residences, specifically a series of row houses, twelve or thirteen in number. His contention, pure and simple, is that the requested variance should be granted in order to enhance the value of his lot, even though the use intended might well depreciate the value of other residential properties in the immediate area.[1] This does not constitute the type of unnecessary hardship which is sufficient reason to grant a variance: *Pincus v. Power*, 376 Pa. 175, 101 A. 2d 914 (1954) ; *Cresko Zoning Case*, 400 Pa. 467, 162 A. 2d 219 (1960).

The order of the court below is affirmed.

---

[1] On the same side of the street as the land involved, there are single and twin private residences ranging in market values between $12,000 and $20,000. Directly across the street is a solid row of houses of comparatively recent construction of values ranging from $10,200 to $12,250.