Crafton Borough Appeal.

Argued October 8, 1962. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and KEIM, JJ.

*Gilbert E. Morcroft,* for appellant.

*Frank W. Ittel,* with him *John H. Demmler,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 13, 1962:

This appeal is from an order of the County Court of Allegheny County which reversed the decision of the Zoning Board of Adjustment (Board) of the Borough of Crafton (Borough) which had denied a request for a variance from a zoning ordinance.

The subject real estate—a corner lot—extends 135 feet along Foster Avenue and 119.86 feet along Glenn Street in the Borough of Crafton. This property was purchased in 1958 by Robert MacLean.[1] In 1926 the Borough, by ordinance No. 691, zoned the area in which this real estate was located as a Residential District "A" in which district the only permitted uses were one-family dwellings, two-family dwellings of the duplex or double-house type, multiple dwellings, churches, educational institutions, libraries and fraternal buildings, telephone central exchanges and accessory uses

---

[1] MacLean holds title but the actual owner of the property is L. B. Shapero, a real estate developer.

incidental to any of the principal uses *not including the
conduct of a business.*

MacLean, desiring to conduct a gasoline service sta-
tion business on the premises, in March 1960 petitioned
the Borough Council to change the zoning of this prop-
erty from a residential to a commercial district but
Council refused to rezone the property.

On March 14, 1961 MacLean filed with the Borough
building inspector an application for a building permit
to erect a gasoline service station. This application
was refused on the ground that the requested use was
not a permitted use in a Residential "A" District.
Thereupon MacLean appealed to the Board *requesting
a variance.* On May 12, 1961 the Board rejected Mac-
Lean's appeal and, on appeal to the County Court, that
court remanded the record to the Board for further
hearing and findings of fact. The Board on February
21 and March 1, 1962 conducted further hearings, made
findings of fact and conclusions of law and again re-
fused a variance. An appeal was then taken to the
County Court and that court, without hearing any ad-
ditional testimony but after viewing the premises in
person, reversed the Board and directed the grant of a
variance. From that order the Borough has appealed.

MacLean has filed a motion to quash this appeal on
the ground that the Borough, not having been a party-
litigant in the County Court, has no standing to take
this appeal. The record indicates beyond question that
at each of the three hearings before the Board the Bor-
ough was a party, represented on record by counsel,
that such counsel examined and cross-examined wit-
nesses and that the Borough presented witnesses on its
behalf. Upon MacLean's appeal to the County Court
no testimony was taken and there was no need nor ne-
cessity for the Borough's counsel to appear at any hear-
ing. Moreover, it is indicated that the court, prior to
viewing the property, invited counsel, including the

Borough counsel, to attend such view with the court, an indication that the court certainly considered the Borough a party to the litigation.

In support of his motion to quash, MacLean relies on *Alloy Metal Wire Co., Inc. Appeal*, 329 Pa. 429, 198 A. 448. Under the tax assessment act applicable in *Alloy*, supra, political subdivisions, including boroughs, were permitted to become parties to assessment proceedings before the board of assessment, the courts of common pleas and the Supreme or Superior Courts. Our Court construed that statute to require that a borough be a party in the common pleas court in order to appeal to the Supreme or Superior Courts and quashed the appeal of the borough from an order of a common pleas court which reduced the assessment on certain real estate. Mr. Justice (later Chief Justice) KEP-HART stated, inter alia (p. 432) : "There is but one way to be made 'a party' or litigant in a court, and that is to become one by appearing in the proceedings. Participation in some form in the court below is a requisite to appellant's right to review." In our view, the Borough in the case at bar actively participated in the proceedings before the Board and, in view of the fact that the court required no additional testimony but determined the matter on the testimony and record before the Board, further participation on the part of the Borough was unnecessary. On this record there exists a *requisite* participation by the Borough in the proceedings below so as to give the Borough a standing to take this appeal. *Alloy*, supra, does not control the instant situation. The motion to quash is refused.

On the posture of this litigation, the court below having taken no testimony, the question before that court and now before us is whether the Board committed a manifest abuse of discretion or an error of law. Mr. Justice COHEN, speaking for this Court, in *Upper Providence Township Appeal*, 407 Pa. 20, 179

A. 2d 194, recently stated (p. 22) : "Since no further
testimony was taken by the court below and the case
was heard solely on the record before the Board, it was
the lower court's duty (as it is ours on appeal) only to
determine if the Board committed a manifest abuse of
discretion or an error of law. Mignatti Appeal, 403
Pa. 144, 146, 168 A. 2d 567 (1961)."

MacLean sought before the Board a *variance*. The
circumstances under which a variance can be granted
have been considered by this Court frequently in recent
years. In *Magrann v. Zoning Board of Adjustment*,
404 Pa. 198, 170 A. 2d 553, we said (pp. 200, 201) : "It
is well established that a variance should be granted
only where it is not contrary to the public interest and
where the property involved is subjected to an unneces-
sary hardship unique or peculiar to itself, and not to
general conditions in the neighborhood which may re-
flect the unreasonableness of the zoning ordinance.
Nothing less than a showing of hardship, special and
peculiar to the property involved, will empower the
zoning board to permit a variance: Michener Appeal,
382 Pa. 401, 115 A. 2d 367 (1955) ; Smolow v. Zoning
Board of Adjustment, 391 Pa. 71, 137 A. 2d 251 (1958).
The authority of the board is not an arbitrary one and
it may grant a variance only for reasons that are ' "sub-
stantial, serious, and compelling" ' : Ventresca v. Exley,
358 Pa. 98, 100, 56 A. 2d 210 (1948). The only evi-
dence in support of the granting of the variance in this
instance is that the appellant will suffer an economic
hardship, if not permitted to pursue his plans. In his
petition of appeal to the zoning board of adjustment,
the reason stated in support of the application is that
the present classification 'causes appellant and peti-
tioner to suffer a severe financial hardship' . . . . His
contention, pure and simple, is that the requested vari-
ance should be granted in order to enhance the value
of his lot, . . . . This does not constitute the type of un-

necessary hardship which is sufficient reason to grant a variance: *Pincus v. Power,* 276 Pa. 175, 101 A. 2d 914 (1954); *Cresko Zoning Case,* 400 Pa. 467, 162 A. 2d 219 (1960)." In *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259, 260, 137 A. 2d 280, we said: "The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an 'unnecessary hardship,' and, even then, the variance can be granted only if 'the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done.' He who seeks a variance has the burden of proving justification for its grant. The 'hardship' which must be proven must be an 'unnecessary', not a 'mere' hardship, as well as 'unique or peculiar to [the property involved] as distinguished from the impact of the zoning regulations on the entire district.' The fact that an increase or decrease in value will result from the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship." Furthermore, the power to grant a variance must be exercised sparingly and only under peculiar and exceptional circumstances: *Sgarlat v. Kingston Borough Board of Adjustment,* 407 Pa. 324, 330, 180 A. 2d 769.

The instant record portrays a property which *could be used for residential purposes* but *could be more gainfully used* for the purpose of conducting a gasoline service station. While L. B. Shapero, a real estate developer and the real owner of this property, testified that the "best use" of this property would be as a gasoline service station, it is obvious that his definition of "best use" is that use which would be most productive of economic profit. An examination of this record clearly shows that the request for a variance is not based upon any lack of feasibility of the use of this property for residential purposes but rather upon the

expectation that the property will be productive of greater financial gain if used as a gasoline service station. This is the type of "economic hardship" which time and again we have stated does not constitute an "unnecessary hardship" sufficient to justify the grant of a variance: *Fleming v. Prospect Park Board of Adjustment,* 318 Pa. 582, 584, 178 A. 813; *Jenning's Appeal,* 330 Pa. 154, 158, 198 A. 621; *Mutual Supply Company Appeal,* 366 Pa. 424, 428, 77 A. 2d 612; *Pincus v. Power,* 376 Pa. 175, 181, 101 A. 2d 914; *O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 379, 120 A. 2d 901; *Richman v. Zoning Board of Adjustment,* supra, p. 260; *Moyerman v. Glanzberg,* 391 Pa. 387, 397, 138 A. 2d 681; *Spadaro v. Zoning Board of Adjustment,* 394 Pa. 375, 378, 147 A. 2d 159; *Ferry v. Kownacki,* 396 Pa. 283, 285, 152 A. 2d 456; *Sylvester v. Pittsburgh Zoning Board of Adjustment,* 398 Pa. 216, 157 A. 2d 174; *Enokay, Inc. Appeal,* 407 Pa. 593, 596, 181 A. 2d 842.

In *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 503, 504, 109 A. 2d 147, Mr. Justice (now Chief Justice) BELL stated: "In order to obtain a variance the law is well settled that a *petitioner must prove* (1) the variance will not be contrary to the public interest; and (2) *unnecessary* hardship will result if it is not granted: [citing cases]."; *O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 379, 384, 385, 120 A. 2d 901; *Baronoff v. Zoning Board of Adjustment,* 385 Pa. 110, 115, 116, 122 A. 2d 65; *South Philadelphia Dressed Beef Company v. Zoning Board of Adjustment,* 391 Pa. 111, 115, 137 A. 2d 270.

In the case at bar not only has MacLean not proved an "unnecessary hardship" within the decisional definition of that term, but he has not proven that the grant of the variance will not be contrary to the public interest. On the contrary, the Borough has shown that the grant of this variance will result in an increased

traffic hazard on the highways adjoining the property, that it is in the best interests of the municipality to maintain this and other contiguous properties in a residential district classification to act as a buffer against the encroachment of commercial establishments in nearby districts and that the enjoyment of the residential properties located immediately to the rear of and adjoining the subject property will be seriously affected by the erection and construction of a gasoline service station thereon. MacLean has simply failed to justify the grant of a variance in this instance.

For thirty-two years this property had been zoned as residential prior to the time of its purchase by L. B. Shapero (acting through MacLean) a real estate developer. Shapero either knew or should have inquired and ascertained the zoning classification of this property prior to its purchase. When he acquired this property he did so "with the conditions of [the now claimed] economic hardship staring [him] in the face, and [he] cannot now be heard to complain": *Best v. Zoning Board of Adjustment,* 393 Pa. 106, 109, 141 A. 2d 606; *Upper St. Clair Township Grange Zoning Case,* 397 Pa. 67, 71, 72, 152 A. 2d 768; *Sylvester v. Pittsburgh Zoning Board of Adjustment,* supra, p. 220; *Cresko Zoning Case,* 400 Pa. 467, 472, 162 A. 2d 219. As Mr. Justice McBRIDE, speaking for this Court in *Upper St. Clair Township Grange Zoning Case,* supra, stated (pp. 71, 72 ) : "Also, this hardship was created by the Grange itself. It is admitted by the Grange that they knew that the township had zoning regulations but did not make any investigation to determine whether the property could be used as they contemplated under the applicable zoning ordinance. Where the hardship, is . . ., self-inflicted, it is not the function of the court to grant redress in the form of a variance. The Grange cannot be heard to complain of the economic hardship involved as the same conditions were present

when they purchased the property. [citing cases]." By the same token, the present owner of this property cannot now be heard to complain.

A rezoning and a variance are fundamentally different and a board of adjustment has jurisdiction only where there is a request for a variance and not where it is for a rezoning under the guise of a variance: *Lukens v. Ridley Township Zoning Board,* 367 Pa. 608, 613, 80 A. 2d 765; *Volpe Appeal,* 384 Pa. 374, 378, 121 A. 2d 97; *Catholic Cemeteries Association Zoning Case,* 379 Pa. 516, 520, 521, 109 A. 2d 537; *Richman v. Zoning Board of Adjustment,* supra, p. 259. In *Richman,* supra, this Court stated (p. 259) : "A variance is a departure from the letter, but not the spirit, of the zoning statute. It is not to be considered that a rezoning may be accomplished under the guise of the grant of a variance." What the owner of this property actually seeks to accomplish is a rezoning of this property from residential to commercial; that cannot and should not be done under the guise of a request for a variance.

Manifestly, the Board in refusing this request for a variance neither abused its discretion nor committed any error of law and its action must be upheld.

Order reversed. Costs on MacLean.