# Di Santo, Appellant, *v.* Zoning Board of Adjustment.

Argued January 11, 1963. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

332

*Thomas J. Burke,* with him *Haws & Burke,* for appellant.

*John E. Forsythe,* Township Solicitor, with him *Wright, Spencer, Manning & Sagendorph,* for appellees.

*Philip D. Weiss,* with him *Desmond J. McTighe,* and *Duffy, McTighe & McElhone,* for intervenor-appellee.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

This is an appeal from an order of the court below affirming the action of the Zoning Board of Adjustment of Lower Merion Township in refusing to grant a variance. No additional testimony was taken and the court decided the issue on the record developed before the board.

The facts are not in serious dispute.

Appellant is presently the owner of an unimproved piece of land located on the northwest corner of Coulter Avenue and Llanfair Road in Ardmore, Montgomery County. It has a frontage of 130 feet on Coulter Avenue, 167 feet on Llanfair Road and contains approximately 21,833 square feet. In 1955, appellant purchased the land, which at that time was improved with

a single frame dwelling house designated as 137 Coulter Avenue, and which since was condemned as a fire hazard and was demolished. It is and has consistently been classified as R-7 Residential, which under the existing zoning ordinance permits the erection of single family and two-family residences and apartments, but not buildings for commercial use.

The properties on the north side of Coulter Avenue, immediately west of the property involved, are classified Commercial. Until recent years, these properties were also classified as R-7 Residential, but an application for change of classification was granted. Appellant's request to so reclassify his property was denied, despite the fact that the Township Planning Commission at least indicated that it thought the change should be made. The properties on the south of Coulter Avenue are also classified Commercial.

The southwest corner lot at the intersection of Coulter Avenue and Llanfair Road facing on Coulter Avenue is occupied by a doctor's office and residence. All other properties on Llanfair Road in the immediate area are zoned R-7 Residential and are used for residential purposes. Montgomery Avenue, running east and west, is the first public street off Llanfair Road immediately to the north of Coulter Avenue, and this too is used exclusively for residential purposes. In short, appellant's property is located on the boundary line between commercial properties to the west and south, and residential properties to the east and north.

Appellant's sole contention on this appeal is that the action of the Zoning Board of Adjustment in fixing the boundary line between the commercial and residential zones involved, so as to continue his property in a residential classification is unreasonable, arbitrary, discriminatory and confiscatory, and hence, unconstitutional. The lower court found that the facts do not justify this conclusion and we agree.

334

In connection with the problem presented, certain well established general legal principles must be borne in mind. (1) The ordinance involved is presumed to be constitutional and the burden of proving otherwise is upon him who asserts it: *Whitpain Township v. Bodine*, 372 Pa. 509, 94 A. 2d 737 (1953); *Schmalz v. Buckingham Twp. Zoning Bd.*, 389 Pa. 295, 132 A. 2d 233 (1957); *Whitehall Twp. v. Oswald*, 400 Pa. 65, 161 A. 2d 348 (1960). (2) Zoning classifications and the fixing of lines of demarcation are largely within the judgment of the proper legislative body and the exercise of that judgment will not be interfered with by the courts *except in cases where it is obvious* that the classification has no relation to public health, safety, morals or general welfare: *Tidewater Oil Co. v. Poore*, 395 Pa. 89, 149 A. 2d 636 (1959); *Lally Zoning Case*, 404 Pa. 174, 171 A. 2d 161 (1961). (3) In order to establish the right to the issuance of a variance, the applicant must prove (a) Unnecessary hardship upon and which is unique or peculiar to the property involved, as distinguished from the hardship arising from the impact of the zoning ordinance on the entire district; (b) The proposed variance is not contrary to the public safety, health, morals or general welfare: *Simon & Co. v. Zoning Board of Adj.*, 403 Pa. 176, 168 A. 2d 317 (1961). (4) Economic hardship does not constitute such a unique, unnecessary hardship peculiar to the property involved that will in itself justify the issuance of a variance: *Magrann v. Zoning Bd. of Adj.*, 404 Pa. 198, 170 A. 2d 553 (1961). (5) Rezoning of a property should not be granted under the guise of issuing a variance: *Crafton Borough Appeal*, 409 Pa. 82, 185 A. 2d 533 (1962). (6) The Supreme Court of Pennsylvania is not a super board of adjustment and where the court below took no additional testimony on appeal, we should not reverse the decision below unless there was a clear abuse of discretion or an error of

law committed by the board: *Simon & Co. v. Zoning Board of Adj.,* supra; *Rogalski v. Upper Chichester Township,* 406 Pa. 550, 178 A. 2d 712 (1962); *Sheedy v. Zoning Board of Adj.,* 409 Pa. 655, 187 A. 2d 907 (1963).

In the instant case, a clear abuse of discretion on the part of the board is not present, nor was an error of law committed.

The board arrived at its decision as to fixing the line of demarcation between the residential and commercial districts after many months of study and deliberate consideration. It is a matter of accident that appellant's property is located on the boundary line between the two districts. We see no lack of uniformity or unreasonableness involved.

Appellant's property is located at the corner of two intersecting streets. One is predominately commercial; the other is completely residential. It has more frontage on the latter. Necessarily, it must be classified differently than the properties on one of these streets. It is obvious to us that a commercial property on a street completely residential is much more harmful than a residential property located on the corner of a street predominantly commercial. The line of demarcation must be fixed somewhere. As noted before, this is a matter largely within the sound discretion of the board. The fact that the line was moved in recent years is not controlling. The facts must be considered in totality. To carry appellant's contention to its logical conclusion would lead to the encroachment upon and the complete destruction of the residential character of the other properties in the immediate area. If appellant's request for reclassification is granted, the same equities and arguments should prevail in regard to the property immediately to the north on Llanfair Road and so on ad infinitum. In view of all this, it is certainly *not obvious* that the classifications, re-

sulting from the fixing of the boundary line in this case, have no relation to the public health, safety, morals or general welfare of the community. In fact, the contrary is true.

It is significant also that the property will not suffer any unique or peculiar hardship. It is undisputed that it can be utilized for the construction and maintenance of an apartment house containing twelve dwelling units plus necessary parking space. Of course, it could be more lucratively employed for commercial purposes. But, this is not the test. Further, the property was purchased by the appellant for investment purposes with full knowledge that its use was restricted to residential purposes.

Finally, the fact that the Township Planning Commission favored reclassification does not, in itself, establish that the board acted arbitrarily. The commission is merely a recommendatory body; the final decision in such matters rests in the legislative board: *Gratton v. Conte*, 364 Pa. 578, 73 A. 2d 381 (1950).

Order affirmed.