## Dishler, Appellant, *v.* Zoning Board of Adjustment.

Argued March 17, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Abraham E. Freedman,* with him *Martin J. Vigderman,* and *Freedman, Landy and Lorry,* for appellants.

*Samuel H. High, Jr.,* for Township of Cheltenham, appellee.

*Reuben E. Cohen,* with him *Cohen, Shapiro, Berger & Cohen,* for intervenors.

OPINION PER CURIAM, April 21, 1964:

Appellants, owners of two adjoining properties in Cheltenham Township, Montgomery County, located in an area zoned "AA" Residential, which allows only single-family dwellings, applied for the issuance of a variance to permit construction of an apartment building thereon. The zoning board of adjustment denied the application and its decision was affirmed by the court below. This appeal followed.

In order to establish the right to a variance, an applicant must prove: (1) An unnecessary hardship upon and which is unique or peculiar to the property involved, and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: *Sheedy v. Zoning Bd. of Adjust.,* 409 Pa. 655, 187 A. 2d 907 (1963).

A reading of the record herein leads to the inescapable conclusion that the appellants failed to estab-

lish the existence of the type of unnecessary hardship which warranted the grant of a variance. At most, they proved the existence of an economic hardship resulting from conditions, existing on one of the properties involved, which were clearly visible when they purchased the property just a few years ago. Economic, or financial hardship, is not, in itself, sufficient to entitle the owner of property to the grant of a variance. This is particularly true where the property involved is purchased with the conditions which impose the economic hardship known to the purchaser: *Cooper v. Board of Adjustment*, 412 Pa. 429, 195 A. 2d 101 (1963).

Moreover, since the lower court took no additional testimony, and based its decision upon the evidence presented before the board, the sole question for determination on appeal is whether or not the board committed a manifest abuse of discretion or an error of law: *Hart Appeal*, 410 Pa. 439, 189 A. 2d 167 (1963). This record fails to justify any such conclusion.

Order affirmed.