Clifton Heights Appeal.

Submitted April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 16, 1970.

*Albert J. Crawford, Jr.,* and *Crawford, Graham and Higgins,* for appellant.

*Anthony R. Semeraro,* for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

On July 16, 1968, George T. Patti purchased property in the Borough of Clifton Heights, Delaware County, for $28,500. The lot is 150 feet by 150 feet and, at the time of purchase, it contained a house which had been converted into eight apartments. The area was zoned residential by the Clifton Heights zoning ordi-

nance of 1948, but the house had been permitted to remain as an existing, nonconforming use.

Almost immediately after his deed had been recorded, Patti applied to the Borough's building inspector for a permit to tear down the existing house and replace it with an apartment building containing twenty-five units. On August 1, 1968, only two weeks after the deed had been recorded, the building inspector notified Patti that the permit could not be granted as an expansion of a nonconforming use. Patti then filed a petition for a variance with the Zoning Board of Adjustment of the Borough of Clifton Heights, and a hearing was held, at which a number of residents appeared in opposition to the requested variance. The Board denied Patti's petition and he appealed from their decision to the Court of Common Pleas of Delaware County.

On June 10, 1969, additional testimony was taken by the lower court. The only evidence of a hardship which has been presented in support of the variance is that it would be difficult for Patti to realize a profit, unless he were permitted to build the apartment house. The record is clear that there is no topographical reason why this lot could not be used for single-family homes, although it might be a *financial* burden. The court below sustained Patti's appeal and directed the Board to issue the necessary permits for the construction of the apartment house. This appeal followed.

Certain principles of law are well-settled in this area, and they are controlling in the instant law. First, in order to establish his right to a variance, the applicant must prove: (a) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (b) that the variance would not have an adverse effect upon the public health, safety or welfare. *O'Neill*

*v. Zoning Bd. of Adjust.*, 434 Pa. 331, 254 A. 2d 12 (1969) ; *Cleaver v. Board of Adjust.*, 414 Pa. 367, 200 A. 2d 408 (1964) ; *Di Santo v. Zoning Bd. of Adjust.*, 410 Pa. 331, 189 A. 2d 135 (1963). Second, mere economic or financial hardship will not, *per se,* justify the grant of a variance. *Cooper v. Board of Adjust.*, 412 Pa. 429, 195 A. 2d 101 (1963) ; *Andress v. Zoning Bd. of Adjust.*, 410 Pa. 77, 188 A. 2d 709 (1963) ; *Magrann v. Zoning Bd. of Adjust.*, 404 Pa. 198, 170 A. 2d 553 (1961). Third, a purchaser who knew or should have known how his property was zoned cannot subsequently rely upon the economic hardship allegedly caused thereby in order to obtain a variance. *O'Neill v. Zoning Bd. of Adjust.*, 434 Pa. 331, 254 A. 2d 12 (1969) ; *McClure Appeal,* 415 Pa. 285, 203 A. 2d 534 (1964) ; *Dishler v. Zoning Bd. of Adjust.*, 414 Pa. 244, 199 A. 2d 418 (1964) ; *Crafton Borough Appeal,* 409 Pa. 82, 185 A. 2d 533 (1962).

Applying the aforementioned principles to the case at bar, we find that the lower court erred in granting Patti's petition for a variance. The record indicates that Patti has not only failed to establish the type of "unnecessary hardship" which would warrant a variance, but also, he clearly entered this transaction with the knowledge that his proposed use was violative of the zoning laws. Self-inflicted economic hardship is *not* a justification for the grant of a variance in Pennsylvania.

Order reversed.

Mr. Justice ROBERTS concurs.