Bilotta *v.* Haverford Township Zoning Board of Adjustment, Appellant.

Argued January 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 16, 1970.

*James A. McGoldrick,* with him *Domenic D. Jerome,* for appellant.

*Donald J. Orlowsky,* with him *ReDavid, Orlowsky, Natale & Anderman,* for appellees.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

On December 1, 1966, Russell Bilotta purchased three acres of ground in Haverford Township, with the knowledge that this lot and those surrounding it were all zoned C-Residential, permitting only single-family dwellings. At the time of purchase, his property contained one large dwelling house, plus a barn and stable. All three buildings were in fair condition and Bilotta allegedly intended to remodel the house and use it as a residence. He presently desires to construct garden apartments on the lot, and, on May 29, 1968, he applied for a building permit. The application was denied since the "C" zoning classification does not permit the construction of apartments.

Bilotta applied to the Board of Adjustment of Haverford Township for a variance to permit the apartment construction, but his application was refused on July 25, 1968. On August 15, 1968, Bilotta appealed to the Court of Common Pleas of Delaware County and, at a hearing on March 28, 1969, additional testimony was presented by both sides, including a petition with the signatures of 777 neighbors who opposed the variance. The lower court reversed the decision of the Board and granted the variance. This appeal followed.

In order to establish his right to a variance, an applicant must prove that the present zoning burdens his property with an unnecessary hardship, unique to his particular property, and that the variance would not adversely affect the public health, safety or welfare. See: *O'Neill v. Zoning Bd. of Adjust.,* 434 Pa. 331, 254 A. 2d 12 (1969). The *only* evidence of hardship which Bilotta offered dealt with whether it would be *profitable* to build single-family dwellings on this tract. Specifically, his expert witness testified: (1) that the tract could be divided into only fifteen lots; (2) that these houses would then have to sell for at least $37,000 each, in order to make a profit; and (3)

that the market would not support new homes selling for more than $22,000. The expert witness for Haverford Township vigorously disputed all three of these points and our own calculations seem to indicate that Bilotta's witness may have erred. However, where the lower court has taken additional testimony, we do not review the testimony *de novo*, but merely consider whether the lower court abused its discretion or committed an error of law. See: *Mason v. Schaefer*, 410 Pa. 239, 189 A. 2d 178 (1963).

There was substantial evidence to support the lower court's finding of an economic hardship and, accordingly, we must accept that determination. However, mere economic hardship will not, *per se*, justify the grant of a variance. See: *Cooper v. Board of Adjust.*, 412 Pa. 429, 195 A. 2d 101 (1963). This rule is particularly applicable to a purchaser, such as Bilotta, who knew how his property was zoned at the time of purchase. Self-inflicted economic hardship is not a justification for the grant of a variance. *O'Neill v. Zoning Bd. of Adjust.*, 434 Pa. 331, 254 A. 2d 12 (1969); *McClure Appeal*, 415 Pa. 285, 203 A. 2d 534 (1964); *Dishler v. Zoning Bd. of Adjust.*, 414 Pa. 244, 199 A. 2d 418 (1964); *Crafton Borough Appeal*, 409 Pa. 82, 185 A. 2d 533 (1962). The lower court erred in granting Bilotta's application for a variance.

Order reversed.