# Sposato *v.* Radnor Township Board of Adjustment, Appellant.

108

Argued January 7, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

; reargument refused November 16, 1970.

*Fronefield Crawford,* Solicitor, with him *Sondra K. Slade,* and *Crawford, Frazier & Diamond,* for appellant.

*John P. Trevaskis, Jr.,* with him *Trevaskis, Doyle, Currie & Nolan,* for appellee.

OPINION BY MR. JUSTICE JONES, October 9, 1970:

Dr. James Westerman owns an 18.5 acre tract in Radnor Township which is presently zoned R-4 Residential. On December 31, 1965, Dr. Westerman agreed to sell the tract to Richard Sposato, the agreement of sale being contingent upon Sposato obtaining a zoning classification which would permit him to build garden apartments thereon. Following a public hearing on March 21, 1967, Sposato's proposal that the tract be rezoned was denied by the Board of Commissioners of Radnor Township.

Sposato next applied for a building certificate to permit the construction of 222-unit garden apartments. This application was denied since it was not a permitted use under the R-4 zoning and an appeal was filed with the Zoning Board of Adjustment of Radnor Township, claiming the right to a variance. Another hearing was held and the Board, on August 11, 1967, denied and dismissed the request for a variance. Sposato appealed from that decision to the Court of Common Pleas of Delaware County. Following the taking of additional testimony, the court below, on February 17, 1969, made new findings of fact, reversed the decision of the Board and directed that Sposato be issued the necessary building permits. This appeal followed.

Certain principles of law are well-settled in this area, and they are controlling in the instant case. First, in order to establish his right to a variance, the applicant must prove: (a) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (b) that the variance would not have an adverse effect upon the public health, safety or welfare. *O'Neill v. Zoning Bd. of Adjust.*, 434 Pa. 331, 254 A. 2d 12 (1969); *Cleaver v. Board of Adjust.*, 414 Pa. 367, 200 A. 2d 408 (1964); *Di Santo v. Zoning Bd. of Adjust.*, 410 Pa. 331, 189 A. 2d 135 (1963). Second,

mere economic or financial hardship will not, *per se,* justify the grant of a variance. *Cooper v. Board of Adjust.,* 412 Pa. 429, 195 A. 2d 101 (1963); *Andress v. Zoning Bd. of Adjust.,* 410 Pa. 77, 188 A. 2d 709 (1963); *Magrann v. Zoning Bd. of Adjust.,* 404 Pa. 198, 170 A. 2d 553 (1961). Third, a purchaser who knew or should have known how his property was zoned cannot subsequently rely upon the economic hardship allegedly caused thereby in order to obtain a variance. *O'Neill v. Zoning Bd. of Adjust.,* 434 Pa. 331, 254 A. 2d 12 (1969); *McClure Appeal,* 415 Pa. 285, 203 A. 2d 534 (1964); *Dishler v. Zoning Bd. of Adjust.,* 414 Pa. 244, 199 A. 2d 418 (1964); *Crafton Borough Appeal,* 409 Pa. 82, 185 A. 2d 533 (1962). Fourth, where the lower court has taken additional testimony, this Court only decides whether that court abused its discretion or committed an error of law. *Pyzdrowski v. Pgh. Board of Adj.,* 437 Pa. 481, 263 A. 2d 426 (1970); *Mason v. Schaefer,* 410 Pa. 239, 189 A. 2d 167 (1963); *Upper St. Clair Twp. Appeal,* 408 Pa. 416, 184 A. 2d 263 (1962); *Richman v. Zoning Bd. of Adjust.,* 391 Pa. 254, 137 A. 2d 280 (1958).

The additional testimony taken by the lower court consisted of the submission of the written report of a civil engineer, Donald D. Meisel, and some very brief cross-examination of Meisel. The report was prepared at Sposato's request in an attempt to establish that the tract possesses unique physical characteristics which make it unfeasible to build single-family residences thereon. The lower court adopted the findings of that report virtually *in haec verba* and concluded, *inter alia,* that Sposato "has shown an unnecessary hardship, unique to that property, and. the proposed apartment construction will not be detrimental to the public health, welfare, morals and safety of the community." This conclusion was based upon numerous specific findings of fact which all revolve about three general physical

characteristics of the tract: the property has slopes ranging from eight to fifteen per cent, with a total drop of forty-five feet from the highest point to the lowest point, a substantial portion of the land contains rock outcroppings and another portion of the land is swampy.

Initially, we will consider the Board's contention that this was actually an application for a rezoning, rather than for a variance, and that Sposato should therefore have proceeded only before the Board of Commissioners. The Board reasons that this is so simply because of the size of the tract in question, 18.5 acres. In *Crafton Borough Appeal,* 409 Pa. 82, 90, 185 A. 2d 533, 537 (1962), this Court stated: "A rezoning and a variance are fundamentally different and a board of adjustment has jurisdiction only where there is a request for a variance and not where it is for a rezoning under the guise of a variance [citing cases]." *Accord, e.g., McClure Appeal,* 415 Pa. 285, 203 A. 2d 534 (1964). However, the distinction between the two is dependent upon the nature of the change requested, rather than merely upon the size of the lot. *Richman v. Zoning Bd. of Adjust.,* 391 Pa. 254, 137 A. 2d 280 (1958).

Appellant refers us to the following statement from *Lukens v. Ridley Twp. Zoning Bd. of Adjust.,* 367 Pa. 608, 613-14, 80 A. 2d 765, 767 (1951): "A petition to change and reclassify approximately *16 acres* in Tract No. 2 appears, because of the large acreage involved, to be an application for re-zoning and not for a variance, and if so, the application should be made to the Township Commissioners and not to the Board of Adjustment." It is apparent, when read in context, that this was not a statement of law in that case, but was merely an opinion as to what was *apparently* involved, intended to aid the parties in their future proceedings. Any question in this regard was clarified in the subse-

quent case of *Jacobs v. Fetzer*, 381 Pa. 262, 267, 112 A. 2d 356, 358 (1955): "But different rules do not obtain for relieving against oppressive zoning restrictions according to differences in the relative sizes of affected properties." By way of example, in 1956 we upheld a variance that had been granted for a 13-acre tract in Upper Darby Township. *Garbev Zoning Case*, 385 Pa. 328, 122 A. 2d 682 (1956). A supposed application for a variance does not necessarily constitute an actual application for rezoning solely because the tract involved is very large.

The major point urged by the appellant on this appeal is that Sposato should be barred from claiming "unnecessary hardship," since he admittedly agreed to purchase the tract with full knowledge that it was zoned R-4 and that the apartments would not be permitted in such an area. As previously noted, this Court has repeatedly stated that "[e]specially is a variance not to be granted when the petitioner purchased the property with the knowledge of the existing zoning regulation or when he should have been aware of the zoning regulation." *O'Neill v. Zoning Bd. of Adjust.*, 434 Pa. 331, 334-35, 254 A. 2d 12, 14 (1969). If the zoning classification needs to be changed, then the landowner, or other interested party, should apply to the Board of Commissioners for a rezoning. The court below committed an error of law in granting this *variance* to one who agreed to purchase the land, knowing that his proposed use was impermissible without rezoning.

Order reversed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.