# Young Men's Christian Association *v.* Zoning Hearing Board of Lower Merion Township.

Argued February 10, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*Thomas J. Burke,* with him *Haws & Burke,* for appellant.

*Lewis H. Van Dusen, Jr.,* with him *John W. Fischer, Robert S. Ryan,* and *Drinker, Biddle & Reath,* for appellee Zoning Hearing Board.

*Reeder R. Fox,* for himself as intervening appellee.

*Peter M. Mattoon,* for himself as intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., April 28, 1971:

The Young Men's Christian Association has appealed from the order of the Court of Common Pleas of Montgomery County affirming the decision of the Zoning Hearing Board of Lower Merion Township in refusing to grant the Y.M.C.A. a special exception to construct an addition to their present building. Sympathetic as it may be to the Y.M.C.A. and other similar organizations, this Court must nevertheless affirm the decision of the Board.

Where, as in this case, the court below took no additional testimony, our review is limited to the narrow issue of whether the *Board* committed a manifest abuse of discretion or an error of law. *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968); *DiSanto v. Zoning Bd. of Adj.,* 410 Pa. 331, 189 A. 2d 135 (1963). Here we find neither.

The Y.M.C.A. has operated, under the grant of a special exception, its current facilities for almost twenty years. The testimony taken by the Board has shown that over that period of time daily usage of the building has increased about four times; that parking problems have become so great as to foster illegal and improper parking both on and off the premises; and that traffic congestion attendant to usage of the Y.M.C.A. has increased to the point where it encumbers public rights-of-way and endangers the public welfare. In fact, the present operation only consists of fifty-three parking spaces and one main entrance to accommodate its approximately six hundred daily users.

The addition requested would enlarge the building to the maximum allowable thirty percent ground coverage, an increase of about sixty percent, and would

comply with all minimum requirements for parking, setback and the like. However, the Board has properly noted that this increase is not intended to alleviate the already crowded conditions that exist. Instead, the addition is planned to allow membership and usage to increase a projected seventy percent over the next five years.

The opinion of the Board dealt at length with the question of overcrowding the lot, containing amongst others the following comments, amply supported by the evidence:

"The fact that the applicant must now construct additions to its present building indicates that it has exceeded the 'comfortable capacity' of its facilities.

". . . [t]hat the proposed parking lot will contain almost 100 less spaces than would be required if the entire structure were built today indicates to us that if the proposed additions are constructed, a serious congestion and parking problem could result.

"If the additions and new parking spaces are constructed, practically the entire parcel will be devoted to the building and surrounding parking areas.

". . . [P]roblems which have already developed because of overcrowding will only increase if this appeal is granted."

Section 2305(3)(c) of the Lower Merion Zoning Ordinance provides that the Board shall determine whether the requested special exception will "overcrowd the land". We know of no reason or legal principle nor has appellant advanced any, by which we could hold this standard violative of the law. Upon the evidence noted above, the Board held that "the property is now being used to its fullest extent and that, if this appeal is allowed, the proposed additions plus the anticipated resulting increase in membership will overcrowd the property." We conclude that this finding

was neither a manifest abuse of discretion nor an error of law.

In addition, the Board held that the traffic congestion caused by the overuse of the building will create a safety hazard. Appellants have contended that normal traffic congestion is not a proper reason to deny a special exception. *Delaware County Community College Appeal,* 435 Pa. 264, 254 A. 2d 641 (1969). We need not determine here whether the congestion will be normal or abnormal for the Board in essence found the congestion to be a result of the overcrowded conditions of the land which would not necessarily be abated by the new traffic plan in the application. Therefore, while the traffic congestion issue was treated separately by the Board it is but an offshoot of the major problem of overcrowding. This traffic congestion, along with the impossibility of properly screening or buffering the enlarged Y.M.C.A. from the surrounding residential areas caused by the nearly one hundred percent lot usage for building and parking, merely highlights the real finding of the Board: that this proposed package is simply "too big for the receptacle". There being sufficient legal and factual basis for that finding, the decision of the Board is affirmed.

Judge MANDERINO concurs in result only.