Stephen R. Sisko and Melva B. Sisko, his wife, Gladys M. Gavin, unmarried and Walter G. Piatt, unmarried, Appellants v. Zoning Board of Adjustment of Pittsburgh, Appellee.

Argued May 1, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Lawrence W. Kaplan,* with him *Jon Hogue,* and *Kaufman & Harris,* for appellants.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, July 18, 1978:

Rocco Magrino and Rocco Magrino, Jr. (applicants) initiated this case by filing an application with the zoning administrator of the City of Pittsburgh for a building permit to construct a two-story, two-family dwelling with a two-car garage in the basement on a 2739-square-foot tract of land which they proposed to purchase.[1] The application was refused on the ground that the proposed building would not be in compliance with the setback and area requirements of the Pittsburgh Zoning Ordinance. Applicants then filed an appeal with the zoning hearing board seeking, *inter alia,* the grant of a variance permitting them to construct a two-story, two-family dwelling.[2] The board granted

---

[1] Subsequent to filing the application for a building permit with the zoning administrator of the City of Pittsburgh, Rocco Magrino and Rocco Magrino, Jr., purchased the property in question here.

[2] The requested variances from the provisions of the applicable zoning ordinance were as follows:

(a) A reduction of the required lot size of 6,000 square feet for a two-unit dwelling to 2,739 square feet.

(b) A reduction of the front yard setback requirement from 30 feet to 15 feet.

(c) A reduction of the rear-yard depth requirement to 20 feet instead of 30 feet.

(d) A reduction of the side-yard requirement of 30 feet abutting a street to 5 feet.

(e) A reduction of the interior side-yard requirement of 10 feet to 5 feet.

the requested variances. A timely appeal to the Court of Common Pleas of Allegheny County was then filed by Stephen R. Sisko, Melva B. Sisko, Gladys M. Gavin, and Walter G. Piatt (appellants), who are property owners of land located next to or nearby the property in question here. After additional testimony, the court below affirmed the board and this appeal followed.

Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended* (MPC), 53 P.S. §10912, enumerates the findings necessary for the grant of a variance:

The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. Subject to the provisions of section 801 [53 P.S. 10801], the board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance

is therefore necessary to enable the reasonable use of the property;

(3) That such unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance.

Section 912 of the MPC is a codification of the law in regard to granting variance. The oft cited case of *O'Neill v. Zoning Board of Adjustment*, 434 Pa. 331, 254 A.2d 12 (1969), provided the guidelines which govern the disposition of a variance case:

In considering the merits of this appeal, we bear in mind the following principles which govern the disposition of variance cases: first, since the court below took no additional testimony, our scope of review is limited to determining whether the Zoning Board of Adjustment clearly abused its discretion in granting the variance or committed an error of law;[3] sec-

---

[3] In the instant case, the court below did take additional testimony and therefore we do not review the testimony de novo but merely consider whether the court below abused its discretion or committed an error of law. *Bilotta v. Haverford Township Zoning Board of Adjustment*, 440 Pa. 105, 270 A.2d 619 (1970).

ond, variances should be granted only sparingly and only under exceptional circumstances; third, in order to obtain a variance, the petitioner must prove (1) that the variance will not be contrary to the public interest and (2) that unnecessary hardship will result if the variance is not granted; fourth, a variance will not be granted solely because the petitioner will suffer an economic hardship if he does not receive one. Especially is a variance not to be granted when the petitioner purchased the property with the knowledge of the existing zoning regulation or when he should have been aware of the zoning regulation. (Footnotes omitted and footnote added.)

434 Pa. at 334-35, 254 A.2d at 14.

Applying the aforementioned principles to the instant case, we find that the court below did err in affirming the board's grant of variances to the applicants. The record not only indicates that the applicants have failed to establish the unnecessary hardship which would justify a variance, but also, since they could have erected a single-family dwelling on the property, that they failed to demonstrate that the land in question cannot be used within the permissible uses listed for the prevailing R-2 residential district. *Marple Township Appeal,* 430 Pa. 113, 243 A.2d 357 (1968).

Also, the applicants purchased the property in question with the knowledge that their proposed use of the property for the erection of a two-story, two-family dwelling on a 2739-square-foot tract of land was violative of the existing zoning laws. Self-inflicted economic hardship is not a justification for the grant of a variance. *Clifton Heights Appeal,* 440 Pa. 101, 270 A.2d 400 (1970); *O'Neill v. Zoning Board of Adjustment, supra.*

Accordingly, the court below erred in affirming the grant of variances to the applicants.

Order reversed.

ORDER

AND Now, this 18th day of July, 1978, the order of the Court of Common Pleas of Allegheny County in the above captioned case, dated April 6, 1977, is hereby reversed.