SAND, J.,
— This is an appeal from the decision of the Zoning Hearing Board of the Borough of Aldan (hereinafter board) refusing a variance to appellant, Carl Ritzinger (hereinafter Ritzinger).
Since no additional testimony was before the court, we do not review the matter de novo, but merely consider whether the board abused its discretion or committed an error of law. The record reveals the following:
1. Ritzinger is the owner of the subject premises, 111 Walnut Terrace, Aldan, Pa.
2. The property has 40 feet of frontage on Walnut Terrace and extends northwardly in depth 125 feet. The only structure on the lot is a private garage toward the rear.
3. Ritzinger purchased the premises September 10, 1965, taking title at the same time to another 40-foot wide lot whose rear joined the rear of the subject premises, but which lot extended thence eastwardly to a 40-foot frontage on Elm Avenue. This lot has a dwelling on it. Though the two tracts physically formed an L-shaped piece, they were conveyed to Ritzinger’s predecessor in title by separate deeds, and are described in Ritzinger’s deed as two separate tracts.
4. July 28, 1966, Ritzinger conveyed out the lot with dwelling to a third party, retaining the subject premises.
*19 5. At the time of said purchase and said sale by Ritzinger, the area in which the subject premises are located was zoned “R-l” residential, requiring a 50-foot width at the building line and side yards totalling 18 feet with no side yard being less than eight feet.
6. The subject ordinance became effective June of 1965.
7. Of the 18 separate lots on the block containing the subject premises, only Ritzinger s lot has no dwelling on it.
8. Of these 18 lots, only two equal or exceed the required 50-foot width. Two are 45 feet wide. Ten are 40 feet wide. Four are 30 feet wide, with only one side yard.
9. Directly across Walnut Terrace from the property are twin houses on 30-foot lots.
10. Ritzinger requested a variance from the 50-foot width requirement, the total side yard requirement of 18 feet and the requirement that no side yard be less than eight feet.
11. Ritzinger applied for a permit to build a house on the 40-foot wide lot, with side yards of five feet and 10 feet (the 10 feet to permit automobile access to the rear garage), which permit was refused by the building inspector.
12. The improvements contemplated and the requested variance would in no way adversely affect the health, safety or morals of the community.
The power to zone, and thus restrict an owner’s use of his property without compensation for the taking, is a constitutional use of the police power when it bears a substantial relationship to the health, safety, morals or general welfare of the public: Nectow v. Cambridge et al., 277 U. S. 183, 48 Sup. Ct. 447.
A variance from the provisions of the zoning ordinance should be granted where the application of the *20 ordinance to the property in question would be unconstitutional; that is, where an unnecessary hardship, unique and peculiar to the property, would result: Gro Appeal, 440 Pa. 552.
However, there is engrafted on this constitutional problem a doctrine akin to “clean hands” in equity. One who acquires property intending to circumvent the use restrictions of a zoning ordinance does so at his financial peril: Fleming v. Prospect Park Board of Adjustment, 318 Pa. 582, cited in Gro Appeal, supra.
The board specifically held that because Ritzinger purchased the two lots in September 1965 and sold the lot with the house in July of 1966, that his hardship is self-imposed and, as such, entitles him to no relief.
In general, however, this reasoning has been applied where the property owner seeks a change from the existing development of the neighborhood (Clifton Heights Appeal, 440 Pa. 101; Bilotta v. Haverford Township Zoning Board of Adjustment, 440 Pa. 105; Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107), or the planned development scheme of the neighborhood: Gro Appeal, supra.
We perceive that the rule should not be so harsh where the applicant desires only what his neighbors have already, or where the requested variance is from frontage, width, set-back or yard measurement requirements, rather than from use restrictions: Crawford Zoning Case, 358 Pa. 636. In Crawford, the property owner desired to convert a garage or carriage house to a single family dwelling. Zoning requirements for side and rear yards, however, could not be met without moving the structure. Both the board of adjustment and the lower court refused the variance. The lower court’s decision was based, in part, on the fact that Crawford’s hardship was self-imposed. He had sold off the main dwelling house, in which he had resided, and *21 wished to use the garage as his personal residence. The lower court stated:
“Appellant knew of these provisions when he sold off the front part of the premises, retaining the rear portion with the garage, and knew then that the earlier application, involving the identical variance now in question, had been refused. He cannot complain of a hardship which results, in part, from his own actions.”
The Supreme Court permitted the variance.
As in Crawford, the circumstances of the instant case convince us that the variance should have been granted. A literal enforcement of the zoning ordinance will prevent Ritzinger from using a lot, which equals or exceeds the dimensions of nearly every one of its neighbors, for a dwelling. Since all other neighboring lots are already residentially developed, Ritzinger asks only for equal treatment.
Insofar as the subject premises are concerned, given the neighborhood in which it lies, the portions of the zoning ordinance requiring 50-foot wide lots and side yards totalling 18 feet, with no yard less than eight feet, do not have that substantial relationship to the health, safety, morals or general welfare of the public which is required in order to constitutionally justify the exercise of the police power.
Accordingly, we enter the following:
ORDER
And now, to wit, February 9, 1971, after consideration of briefs and argument of counsel, it is ordered and decreed that the appeal of Carl Ritzinger from the decision of the Zoning Hearing Board of the Borough of Aldan in re Application of Carl Ritzinger for a variance to construct a single-family house on premises known *22 as 111 Walnut Avenue, Aldan, Pa., be and the same is hereby sustained; the said decision of the board is reversed; the building inspector of Aldan Borough is hereby directed to issue the requested building permit to Carl Ritzinger.