## Tremblay Appeal

*D. Barry Gibbons,* for appellants.

*Harry F. Dunn, Jr.,* for appellee.

deFURIA, J., August 23, 1971.—This is an appeal from the refusal by the Zoning Hearing Board of Middletown Township to grant to appellant a variance which would permit him to convert his residence into medical offices for six doctors.

Appellant purchased the subject property, consisting of one and one-half acres, in 1958. It was and is in an "R-2" residential zone. At that time, appellant sought and received a special exception authorizing him to conduct his medical practice at his residence. As a condition to the special exception, appellant was required to reside in the premises or the special exception would cease.

The property abuts Middletown Road, Pa. Route 352. Approximately 18 months ago, the Commonwealth widened Middletown Road from a two-lane to a four-lane highway.

Appellant contends that, as a consequence of widening the road, his house, which is now within 50 feet of the road, is no longer suitable as a residence because of the extraordinary increase in traffic. He seeks to move his family from the residence and to now use the entire structure for medical offices.

There is evidence that Dr. Tremblay's practice has grown with the growth of the township to the extent that the facilities for his medical practice, which were adequate when the special exception was sought, are no longer sufficient.

There is no evidence that the property cannot be utilized as a residence. Further, the impact of the widening of Middletown Road is not limited to this property alone but obviously is applicable to the entire area.

The Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. —, 53 PS §10912, defines the power of a zoning hearing board with respect to the grant of variances:

". . . The board may grant a variance provided the following findings are made where relevant in a given case:

"(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

"(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

"(3) That such unnecessary hardship has not been created by the appellant;

"(4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

"(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue."

Variances will be granted only for reasons which are substantial, serious and compelling: Ventresca v. Ex-

ley et al., 358 Pa. 98 (1948). Further, a variance will not be granted if the conditions complained of are not peculiar to the property involved but are, in fact, applicable to the entire area: Michener Appeal, 382 Pa. 401 (1955). It must be shown that the effect of the zoning ordinance is to burden the property with an unnecessary hardship, which is unique to the particular property, and further that the grant of a variance would not have an adverse effect upon the public health, safety or welfare: Clifton Heights Appeal, 440 Pa. 101 (1970), O'Neill et al. v. Zoning Board of Adjustment, 434 Pa. 331 (1969).

Applying the above principles to the case at bar, we agree with the conclusion drawn by the zoning hearing board that the requested variance must be denied.

It is appropriate, however, to note that the Pennsylvania Municipalities Planning Code permits a board to impose, in a special exception, reasonable conditions or safeguards to implement the purposes of that act and the zoning ordinance: 53 PS § 10913. However, the conditions must bear a reasonable relation to the health, safety, morals and general welfare of the public: Van Sciver v. Zoning Board of Adjustment, 396 Pa. 646 (1959). ". . . [A] special exception or a variance, although it may be granted conditionally or limited in time or use in any manner consistent with the ordinance *always runs with the land and cannot be personal*": Furnald Appeal, 17 D. & C. 2d 291 (1958). "The impact of zoning regulations relates to matters of use of the subject premises, not to the identity of the owner or occupier": Widenmeyer v. Northampton Twp. Zoning Bd. of Adj., 12 Bucks 582 (1962). (Italics supplied.)

It is apparent that the condition attached to the special exception requiring the owner to reside in the subject property is unreasonable and invalid.

At argument, appellants indicated that they might

consider conveying or leasing the premises to a physician for a continuation of the same use, e.g., as combined medical offices and residence. Such a use would be proper under the exception already a part of the land.

The court finds that the premises are subject to a special exception use for a combination office and residence by a physician; that such use may be continued; that a professional use without a residential use is in violation of the prior special exception and that the zoning board did not abuse its discretion in refusing to grant a variance for such professional use alone.

This court may affirm, reverse or modify the order of the board, 53 PS §11009, and, therefore, makes the following:

### ORDER

And now, August 23, 1971,

1. The appellants may convey or lease the premises for a continuation of the present use, to wit, a residence for a physician whose offices are located therein.

2. The refusal of the zoning board to grant the variance, as herein modified, is affirmed.